Case No.: 22-cv-06465 MEMF

FILED

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

2022 NOV -9 PM 12: 29

CENTRAL DISTRICT COURT
DIST. OF CALIF.
LOS ANGELES

BY_ *EEE*

In re: Kimberly Martin-Bragg aka Kimberly Barbour,
Debtor,

## IVAN RENE MOORE,

Plaintiff/Creditor-Appellant,
v.
## KIMBERLY MARTIN-BRAGG aka KIMBERLY BARBOUR,

Defendant/Debtor-Appellee

## ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

Bankruptcy Judge Hon., Judge Barry Russell
Bnkr.  Case No.:2:16-bk-22878-BR
District Court Judge Presiding
Honorable Maame Ewusi-Mensah Frimpong

## APPELLANT'S TABLE OF APPENDIX A-T

Ivan Rene Moore
Appellant in Pro Se
1236 Redondo Blvd
Los Angeles, California 90019
(323) 932-9439

 ORIGINAL

**TABLE OF APPENDIX**

**Appeal Case No.: 22-cv-06465 MEMF**

| APPENDIX | | DESCRIPTION |
|---|---|---|
| AA-A | RJN-1 | Martin-Bragg v Moore 219 Cal App 4th 367: California Court of Appeal for the Second District reversal of the Bragg Unlawful Detainer action. L.A.S.C Case# BC459449 |
| AA-B | RJN-2 | LASC Special Jury Verdict for Conversion July 29th 2013 |
| AA-C | RNJ-3 | LASC Special jury Verdict for Trespass to Chattel July 29th 2013 |
| AA-D | RJN-4 | LASC Judge the Hon. Michelle Rosenblatt's Judgment and Order of November 8, 2013, in Moore v Bragg BC 480013 |
| AA-E | RJN-5 | California Court of Appeal Case #:B276366 Moore v Bragg Affirming BC480013 Jury and Judge Award in favor of Ivan Rene Moore |
| AA-F | | United States Bankruptcy Judge Hon. Ernest Roble dismissal the debtor's Bragg's Bankruptcy case for cause case #: 2:14-bk-15698-ER. |

| AA-G | Discovery Request- Mr. Moore Response to request for production of documents. |
|------|-------------------------------------------------------------------------------|
| AA-H | Moore's Opposition to Motion to Compel Discovery |
| AA-I | Creditor's Moore's First Motion for Clarification regarding purported discharge filed November 16th 2018 |
| AA-J | Los Angeles Superior Court Writ of Execution issued May 20, 2021, pursuant to Code Civil Procedure, section 514.030 |
| AA-K | Los Angeles Superior Court Writ of Execution ordering the Sheriff or Marshall of the County of Los Angeles to use reasonable forcible entry to enter into the private place listed as: 6150 Shenandoah Avenue, Los Angeles California 90056 and 6160 Shenandoah Avenue, Los Angeles California 90056 for the purpose of levying on the personal property subject to the writ of Possession. |
| AA- L | Photograph of July 7, 2021, the Sheriff of the County of Los Angeles executed raid of the Writ of Execution with (Exhibit A) and discovered legal and personal documents and many personal properties of Mr. Moore and others that were concealed in the garage at 6150 Shenandoah Avenue, Los Angeles California 90056.  Please see, *AA- L, M, N, O, and P, respectively; true and correct copies picture of Sheriff's Raid held on July 7, 2021 at 11:15 a.m.).* |
| AA-M | Photograph of July 7, 2021, the Sheriff of the County of Los Angeles executed raid of the Writ of Execution with and discovered legal and personal documents and many |

| | personal properties of Mr. Moore and others that were concealed in the garage at 6150 Shenandoah Avenue, Los Angeles California 90056 |
|---|---|
| AA-N | Photograph of July 7, 2021, the Sheriff of the County of Los Angeles executed raid of the Writ of Execution and discovered legal and personal documents and many personal properties of Mr. Moore and others that were concealed in the garage at 6150 Shenandoah Avenue, Los Angeles California 90056 |
| AA-O | Photograph of July 7, 2021, the Sheriff of the County of Los Angeles executed raid of the Writ of Execution and discovered legal and personal documents and many personal properties of Mr. Moore and others that were concealed in the garage at 6150 Shenandoah Avenue, Los Angeles California 90056 |
| AA-P | Judge Cowan Ex-parte ruling in Moore v Bragg BC480013 |
| AA-Q | Motion to Disqualify Judge Barry Russell for bias, prejudice and lack of Impartiality |
| AA-R | Transcript of hearing dated August 2nd, 2022, 10:00 a.m. |
| AA-S | Omitted |
| AA-T | Omitted |

November 9$^{th,}$ 2022

IVAN RENE MOORE
Plaintiff-Appellant, in Pro se

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the: **APPELLANT IVAN RENE MOORE'S OPENING BRIEF WITH APPENDIX A-T**

This Document has been served upon by U.S. Mail, postage prepaid, addressed to:

## SEE ATTACHED SERVICE LIST

Dated: November 9th , 2022

Ivan Rene Moore
Appellant Pro se

## PROOF OF SERCVICE

I, the undersigned, declare that I am employed in the city of Los Angeles, California. I am over the age of eighteen (18) years and I am not a party to the within action. On **November 9ᵗʰ , 2022**, I served the following document:

**IVAN RENE MOORE'S OPENING BRIEF AND OPENING APPENDIX A THRU T**

On the party listed below:

### SEE ATTACHED SERVICE LIST

[X] BY MAIL- I placed each such sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Los Angeles, California, following ordinary business practices.


[ ] BY FACSIMILE- I caused the said document to be transmitted by Facsimile machine to the address(es) noted above.

[X] STATE- I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[ ] FEDERAL- I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**DATED:11/9/2022**

Respectfully Submitted


Devra Allen

## SERVICE LIST

**Steven A. Schuman**
**Leonard Dicker and Schreiber LLP**
**10940 Wilshire Boulevard Suite 2100**
**Los Angeles, CA 90024-3936**
**Attorney for Kimberley Martin Bragg and others**

**Lee T Dicker**
**Leonard Dicker and Schreiber LLP**
**10940 Wilshire Boulevard Suite 2100**
**Los Angeles, CA 90024**
**Attorney for Kimberley Martin Bragg and others**

**Ronald Hills**
**1236 Redondo Blvd**
**Los Angeles, California 90019**

# APPENDIX

# A

0001

46

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                          ) Case No. BC 480013
                                          )
                                          )
                  Plaintiff,              )
                                          )
                                          ) Special Verdict-Trespass
v.                                        ) to Chattel
                                          )
                                          )
KIMBERLY MARTIN-BRAGG,                    )
                  Defendants              )
_____ )

# FILED
LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

Jeff W. Lipp ✓
BY JEFF W. LIPP, DEPUTY

08/02/2013

O 00 5

We answer the questions submitted to us as follows:

1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment and other personal property?
  __12__ Yes  __0__ No

(b) Piano?
  __12__ Yes  __0__ No

(c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
  __12__ Yes  __0__ No

(d) Recording Console SSL K?
  __12__ Yes  __0__ No

(e) Music, Sound and Recording Equiptment?
  __12__ Yes  __0__ No

(f) Musical Instruments?
  __12__ Yes  __0__ No

(g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
  __0__ Yes  __12__ No

(i) Masters?
  __12__ Yes __0__ No

If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did KIMBERLY MARTIN-BRAGG intentionally interfere with IVAN RENE MOORE's use or possession of any of IVAN RENE MOORE's property or damage his property ?

  __12__ Yes  __0__ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here,

answer no further questions, and have the presiding juror sign and date this form.

3. Did IVAN RENE MOORE consent?

___0___ Yes ___12___ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was IVAN RENE MOORE harmed?

___12___ Yes ___0___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

___12___ Yes ___0___ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are IVAN RENE MOORE's damages?

a. For the fair market value of the property:

$ __2.5 million__
__($2,500,000)__

7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

___12___ Yes ___0___ No

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?

__Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camarro__

If your answer to question 7 is yes and the Court follows your __legal documents__ recommendation, then answer question 9. If your answer is no, stop here, answer no further questions and have the presiding juror sign and date this form.

9. If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced? $ __2.5 million__

Signed: _____
                Presiding Juror

Dated: 7/29/2013

After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

08/02/2013

# APPENDIX

# B

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                                    ) Case No. BC 480013
                                                    )
                                                    )
                    Plaintiff,                      )
                                                    )
                                                    ) Special Verdict-Conversion
v.                                                  )
                                                    )
                                                    )
KIMBERLY MARTIN-BRAGG,                              )
                    Defendants                      )
_____              )

# FILED

LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

*Jeff W. Lipp* ✓

BY JEFF W. LIPP, DEPUTY

0007

We answer the questions submitted to us as follows:

1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment and other personal property?
**12** Yes **0** No

(b) Piano?
**12** Yes **0** No

(c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
**12** Yes **0** No

(d) Recording Console SSL K?
**12** Yes **0** No

(e) Music, Sound and Recording Equiptment?
**12** Yes **0** No

(f) Musical Instruments?
**12** Yes **0** No

(g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
**0** Yes **12** No

(i) Masters?
**12** Yes **0** No

If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did KIMBERLY MARTIN-BRAGG intentionally and substantially interfere with any of IVAN RENE MOORE's property by [[taking possession of/preventing IVAN RENE MOORE from having access to, or destroying, or refusing to return] any of items to chich you checked "yes" in question 1 after IVAN RENE MOORE demanded its return]?

**12** Yes **0** No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did IVAN RENE MOORE consent?

___O___ Yes ___12___ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was IVAN RENE MOORE harmed?

___12___ Yes ___O___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

___12___ Yes ___O___ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are IVAN RENE MOORE's damages?



$ __2.5 million__  a. For the fair market value of the property:
(2,500,000)

$ __650,000__  b. For lost profits:

TOTAL $ __3,150,000__

7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

___12___ Yes ___O___ No

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?

Clothing, shoes, Kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camaro personal document

If your answer to question 7 is yes and the Court follows your recommendation, then answer question 9. If your answer is no, stop here, answer no further question

0009

and have the presiding juror sign and date this form.

        9. If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced?  $ __2.5 million__

Signed: _____
              Presiding Juror

Dated: __7/29/2013__

    After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

08/02/2013

0010

# APPENDIX

# C

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

NOV 08 2013

Sherri R. Carter, Executive Officer/Clerk

By Jeff W. Lipp, Deputy

| | |
|---|---|
| IVAN RENE MOORE, | ) Case No. BC480013 |
| | ) |
| Plaintiff, | ) Interlocutory |
| | ) Judgment |
| | ) |
| v. | ) |
| | ) |
| KIMBERLY MARTIN-BRAGG | ) |
| Defendant. | ) |

This action came on regularly for trial on July 15, 2013, in Department 40 of the Los Angeles Superior Court, the Honorable Michelle R. Rosenblatt, Judge presiding. Plaintiff IVAN RENE MOORE appeared *in propria persona* and Defendant KIMBERLY MARTIN-BRAGG appeared by attorney Thomasina M.Reed, Esq.

On October 19, 2012, the Court had granted a motion to consolidate BC480013 with BC483652. On July 15, 2013, at the request of Plaintiff, and with no objection from Defendant Martin-Bragg the Court bifurcated the causes of action for trespass to chattel, conversion of personal property, and Civil Code section 1965 from the remaining causes of action in BC483652 and the trial was heard as to those causes of action alone.

A jury of 12 persons was regularly impaneled and sworn. Witnesses were sworn and testified. The Court granted Plaintiff's request to amend the complaint to conform to proof to add a prayer for the return of the personal property. After hearing the evidence and arguments of counsel, the jury was duly instructed by the Court and the cause was submitted to the jury, with directions to return each special verdict and to include a recommendation (advisory verdict) to the Court whether the property should be returned and if so, the jury's recommendation as to the reduction in damages to be awarded. The

1

*0012*

jury was instructed to complete the verdicts on the trespass to chattel and on the conversion but that the damages award is in the alternative.

On the conversion cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:   YES

(c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters? YES

2. Did Kimberly Martin-Bragg intentionally and substantially interfere with any of Ivan Rene Moore's property by taking possession of/preventing Ivan Rene Moore from having access to, or destroying, or refusing to return any of items to which you checked "yes" in question 1 after Ivan Rene Moore demanded its return? YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property:  $2.5 million ($2,500,000.00)

b. For lost profits:                                  $650,000

Total:                                                   $3,150,000

0013

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the trespass to chattel cause of action, the jury verdict was as follows:

1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

(a ) Clothing, shoes, kitchen equipment, and other personal property? YES

(b) Piano:   YES

(c ) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

(d) Recording Console SSLK? YES

(e) Music, Sound and Recording Equipment?  YES

(f) Musical Instruments? YES

(g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

(h) Masters?  YES

2. Did Kimberly Martin-Bragg intentionally interfere with Ivan Rene Moore's use or possession of any of Ivan Rene Moore's property or damage his property?  YES

3. Did Ivan Rene Moore consent? NO

4. Was Ivan Rene Moore harmed? YES

5. Was Kimberly Martin-Bragg's conduct a substantial factor in causing Ivan Rene Moore's harm?  YES

6. What are Ivan Rene Moore's damages?

a. For fair market value of the property: $2.5 million ($2,500,000.00)

0019

7. Do you recommend that the Court order Kimberly Martin-Bragg to return any of the items checked YES in Question 1 to Ivan Rene Moore instead of awarding some or all of the damages in 6a?  YES

    8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned?  Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, personal legal documents.

    9. If the property in question 8 is returned to Ivan Rene Moore, by what amount, if any should the damages be reduced?  $2.5 million

On the Civil Code section 1965 cause of action, the jury verdict was as follows:

    1. Did Ivan Rene Moore own/possess/have a right to possess any of the following items:

    (a) Clothing, shoes, kitchen equipment, and other personal property? YES

    (b) Piano:   YES

    (c) One or more of the following: automobiles, 1 motorcycle, auto tools, auto parts? YES

    (d) Recording Console SSLK? YES

    (e) Music, Sound and Recording Equipment?  YES

    (f) Musical Instruments? YES

    (g) Business property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions? NO

    (h) Masters?  YES

    2. Was the property owned, possessed or which Ivan Rene Moore had the right to possess in 6150 Shenandoah at the time Ivan Rene Moore vacated the premises? YES

    3. Did Ivan Rene Moore request from Kimberly Martin-Bragg or her attorney, in writing, within 18 days of vacating 6150 Shenandoah Avenue, the surrender of the personal property?  YES

    4. Did the written request include a description of the personal property and specify a mailing address of Ivan Rene Moore?  NO

4

0015

In accordance with the verdict of the jury, the Court renders judgment for Plaintiff IVAN RENE MOORE against KIMBERLY MARTIN-BRAGG on the causes of action for trespass to chattel and conversion and for Defendant KIMBERLY MARTIN-BRAGG on the Civil Code section 1965 cause of action. The Court awards judgment to Plaintiff IVAN RENE MOORE against Defendant KIMBERLY MARTIN-BRAGG in the sum of three million, one hundred and fifty thousand dollars ($3,150,000.00) with interest thereon together with costs in the amount of $_____.

The jury recommends that Plaintiff IVAN RENE MOORE is entitled to the return of personal property specifically identified, to wit, clothing, shoes, kitchen equipment, personal property, piano, SSLK console, Masters, '71 Camaro, personal legal documents and recommends a reduction of the verdict to six hundred fifty thousand dollars ($650,000) should the property be returned.

The Court follows the recommendation of the jury that IVAN RENE MOORE be entitled to the return of his personal property, which the Court finds includes all personal property that was proved at trial to be at 6150 Shenandoah at the time IVAN RENE MOORE was evicted.

The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN-BRAGG to return IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, '71 Camaro, and personal legal documents consistent with the evidence presented at trial. This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage. KIMBERLY MARTIN-BRAGG, her agents and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned. KIMBERLY MARTIN-BRAGG is ordered to have the property returned to IVAN RENE MOORE.

0016

Additionally, if the items, or any of them, are not returned, IVAN RENE MOORE may seek enforcement of the judgment for possession of personal property in accordance with Code of Civil Procedure sections 714.010 et seq. The Court will make such further orders as is necessary to effectuate the enforcement of the judgment, including an order for removal of the SSLK Console from 6150 Shenandoah Avenue as it requires professional disassembly.

The Court will reduce the judgment in an amount to be determined by this Court up to $650,000 should Plaintiff receive the return of his property. If KIMBERLY MARTIN-BRAGG returns only a portion of the property or the property is damaged to the extent that it is unusable, Plaintiff may apply to the Court by way of noticed motion for a further Order regarding an offset consistent with the evidence presented at trial and with this judgment.

This judgment is interlocutory due to the bifurcation of pending causes of action unrelated to Plaintiff's personal property.  However, the judgment is enforceable.

Dated:  November 8, 2013

**MICHELLE R. ROSENBLATT**
_____

Michelle R. Rosenblatt, Judge

0017

# APPENDIX

# D

0018

Filed 9/8/17 Moore v. Martin-Bragg CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| IVAN RENE MOORE, | B276366 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC480013) |
| v. | |
| KIMBERLY MARTIN-BRAGG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle R. Rosenblatt and Michael M. Johnson, Judges.  Affirmed.

Ivan Rene Moore, in pro per., for Plaintiff and Respondent.

Thomasina M. Reed, The Newell Law Firm, Felton T. Newell, for Defendant and Appellant.

0018

# APPENDIX

# E



FILED & ENTERED

JUN 04 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| In re: Kimberly Martin-Bragg, Debtor. | Case No.: 2:14-bk-15698-ER |
|---|---|
| | Chapter: 11 |
| | **ORDER DISMISSING CASE PURSUANT TO ORDER TO SHOW CAUSE RE: CONVERSION OR DISMISSAL [D.E. 156] AND FOR REASONS SET FORTH ON THE RECORD** |
| | **Advanced Hearing:** |
| | Date:        June 3, 2015 |
| | Time:        10:00 a.m. |
| | Courtroom:   1568 |

On March 25, 2014, Kimberly Martin-Bragg ("Debtor") filed a voluntary individual petition under Chapter 11. On May 19, 2015, the Court issued an Order to Show Cause re: Conversion or Dismissal ("OSC") and set a hearing for June 17, 2015. D.E. 156. On May 19, 2015, the Debtor independently filed and set a hearing on the *Debtor's Notice of Motion and Motion for Order Extending Deadline to File Plan and Disclosure Statement [Second Request]* ("Motion") on June 3, 2015. On June 2, 2015, the Court posted a tentative ruling, on the docket at entry 160 and incorporated herein by reference, stating its intention that if the issues raised were not adequately addressed, the Court would dismiss the case. On June 3, 2015, the Motion came on for hearing ("Hearing"). Appearances were as stated on the record.

0021

At the Hearing, it became abundantly clear that the Debtor would not be able to satisfy the Court's concerns regarding the issues that it raised in the OSC under 11 U.S.C. § 1112(b) and that any further continuation of this case would be unnecessary and improper. All essential parties were before the Court and had an opportunity to be heard. Accordingly and consistently with the Court's stated intention in its tentative ruling, the Court *sua sponte* moved up the hearing on the OSC to be concurrent with the hearing on the Motion.

The Court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court. The state court has separate duties. This Court's obligation, under Title 11, Chapter 11, is to, among other things, permit debtors to timely and reasonably reorganize their debts. Reorganization is not happening here. Although this case has been pending for over a year, the Debtor has evidenced no effort or present capability to proceed toward confirmation.

The Court's conclusion is unaffected by the Debtor's argument, made on the record that, if given a brief 30-day extension, she could propose a plan and disclosure statement without resolving disputed ownership of certain properties and without resolving other state court matters. If this was the Debtor's intention, she should have *and could have* proposed such a plan and disclosure statement long ago.

Accordingly, there is no need for further briefing and the record of this case has clearly shown that dismissal is proper at this time.

Based on the foregoing and, for the reasons stated on the record, the Court finds that "cause" exists pursuant to 11 U.S.C. § 1112(b) such that the court shall dismiss this case. 11 U.S.C. § 1112(b)(4)(A) (Providing that "cause" includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"); 11 U.S.C. § 1112(b)(4)(E) (Explaining that "cause" includes a debtor's "failure to comply with an order of the court"); 11 U.S.C. § 1112(b)(4)(J) (Stating that "cause" also includes a debtor's "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court").

//

In light of the numerous, violated, express bases of 11 U.S.C. § 1112(b), and based on the entire history of this case, as set forth in the OSC, and for the reasons set forth on the record at the Hearing, including considerations of the best interests of creditors, IT IS HEREBY ORDERED that:

1. The case is dismissed, the automatic stay is vacated and all pending motions and adversary proceedings are moot and dismissed;
2. All currently scheduled hearings are VACATED; and
3. The Debtors is hereby directed to pay any and all outstanding quarterly fees owed to the Office of the United States Trustee in the current amount of $650.00.

IT IS SO ORDERED.

###

Date: June 4, 2015

Ernest M. Robles
United States Bankruptcy Judge

0023

# APPENDIX

# F

# APPENDIX

# G

0025

1  **IVAN RENE MOORE**
   1236 Redondo Blvd
2  Los Angeles, CA  90019
   323  932-9439
3  Ivan  Rene Moore
   Plaintiff  In  Pro se
4

5

6                    **UNITED STATES BANKRUPTCY COURT**
7                    **CENTRAL DISTRICT OF CALIFORNIA**

8  In re:                          )  **Case No. 2:16-BK-22878-BR**
                                    )
9                                   )  **Adv No. 2:16-AP-01543 BR**
   Kimberly Barbour                 )
10 Aka Kimberly Martin-Bragg,       )  **Chapter (7)**
                        Debtor      )
11                                  )
                                    )  **PLAINTIFF'S OPPOSITION TO**
12                                  )  **DEFENDANT'S MOTION TO COMPEL**
                                    )  **PRODUCTION OF DOCUMENTS;**
13 ─────────────────────────        )  **DECLARATION OF IVAN RENE**
   **IVAN RENE MOORE**              )  **MOORE**
14 **PLAINTIFF**                    )
                                    )
15                                  )  **FILED CONCURRENTLY WITH**
                                    )  **MOTION FOR SANCTIONS PURSUANT**
16                                  )  **TO FRCP RULE 11 FOR FALSE**
   **KIMBERLY BARBOUR**             )  **STATEMENTS BY COUNSEL**
17 **aka KIMBERLY MARTIN-BRAGG,**   )
                        **DEFENDANT** )
18                                  )  Date:  June 20th , 2017
                                    )  Time:  2:00 p.m.
19                                     Place:  1668
20                                            Los Angeles, CA

21                                     Judge: **HON BARRY RUSSELL**

22                                     Hearing Requested

23 ─────────────────────────

24 **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

25

26                                            

27

28

                              1

1    Plaintiff first responds by stating that despite the protestations and overwrought demands,

2  that all of the reasonably relevant documents to which the Plaintiffs would be legally entitled to

3  are offered for production. While Defendant's motion is thick and filled with attachments, it

4  does not place the factual content and the subject discovery requests and responses in their full

5  context.

6    An examination of the circumstances surrounding this motion demonstrates that

7  Defendant's motion and the relief sought is unwarranted and unnecessary. Therefore,

8  Defendant's motion should be denied.

9

10    Plaintiff has filed his request for a Protective Order for the taking of his deposition and

11  has requested the Court order a discovery referee.   The parties are unable to resolve anything by

12  conversation, and only communicate by email based on the unprofessional conduct and the

13  willful lies of the defendant and her attorney.

14    Furthermore, filed concurrently with this objection, is a Motion for Sanctions under

15  FRCP Rule 11, against Steven A. Schuman and Leonard Dicker and Schreiber LLP, for the

16  knowingly and repeatedly false statements made in their pleading.

17

18  **I. General Discovery Rules Do Not Support the Sweeping and Contentious Discovery**

19  **Defendants Seek to Compel Here.**

20

21    The scope of allowable discovery under the federal rules is not as broad as Defendants

22  suggest. First, Under Rule 26(b)(1), there are two categories of discovery: that which is relevant

23  to the claim or defense of a party, and that which is merely relevant to the subject matter.  A

24  party seeking information relevant only to the subject matter must show good cause and seek the

25  court's approval.

26    The advisory committee's notes expressly explain that making "subject matter" discovery

27  dependent on showing good cause and obtaining court approval is "designed to involve the court

28  more actively in regulating the breadth of sweeping or contentious discovery."

0021

1    Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000). The sweeping and contentious

2  discovery sought here is relevant, at most, to the subject matter of the case, and thus Defendants

3  must show good cause to the Court for imposing the burden of such discovery on Plaintiff.

4  Discovery cannot be "unreasonably cumulative or duplicative, or . . . obtainable from some other

5  source . . . ." Fed. R. Civ. P. 26(b)(2)(i).

6

7    Plaintiff submits that aside from the patently objectionable requests, many of the

8  requests to which Defendants now seek to compel responses are cumulative, or duplicative,

9  request information that they have in their own possession or that is a matter of court records.

10

11    Defendants seek to compel Plaintiffs to provide information despite

12  valid, reasonable, and applicable objections and despite the fact that there is a five year history of

13  litigation before this bankruptcy, which resulted in two large victories for the Plaintiff.   First is

14  the **$5,650,000.00** a unanimous jury awarded the Plaintiff after a nineteen day trial for the

15  Defendant's intentional acts of conversion and trespass to chattel.   Defendant filed this and

16  another bankruptcy, a Chapter 11, two years ago, which was dismissed for cause, seeking to

17  avoid and discharge this debt she owes to Plaintiff.   The second is the theft of Plaintiff's home

18  and the wrongful eviction by the Defendant, which the Plaintiff had reversed in the California

19  Court of Appeals, and which is well-known and often cited case

20  Martin-Bragg vs. Moore, 219 Cal. App. 4th 367 (2013).

21    The context under which the Defendant has made this motion is one of threats and racial

22  animus against Plaintiff.   Plaintiff will not be subjected to this and will ask the Court to

23  intervene.

24  //

25  //

26  //

27  //

28

0028

## II. STATEMENT OF THE CASE

Most importantly, in Defendant's moving papers 1 Exhibit 3, the very first paragraph of the email states that " Please make arrangements to get us all the documents, an appropriate verified response with objection, no later than Monday, May 8, 2017." Plaintiff served his responses on May 3rd 2017. Plaintiff did not waive any objection and responded timely.

Despite the strident protestations of Defendant's counsel, the Plaintiff in this matter has not engaged in any willful conduct that would justify the relief requested. While Plaintiff concedes that discovery in this matter has not progressed as smoothly. This is solely the responsibility of the Defendant in this action. The Defendant has engaged in threats, lies and demeaning conduct. As best as Plaintiff can discern the following responses are categorized here for the Court.

**Response to Requests Number 1, 2,  28**

**Categories `Dischargeability and Prior Litigation Requests**

Plaintiff has responded to this Request fully and in good faith.

First of all the " dischargeability" of a debt inherently calls for a legal opinion and conclusion. That is enough of an objection to this interrogatory and its attendant request for production of documents.

Furthermore, all of the information to respond to this request is in the possession of the Defendant. Plaintiff responded as such and stated that Plaintiff sued Defendant in Moore vs. Martin Bragg for two intentional torts, Conversion and Trespass to Chattel.

Since the wrongful eviction of the Plaintiff in 2011, the Defendant has been in wrongful possession of Plaintiff's personal, business, corporate, legal and other documents. Despite Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-Bragg LASC BC 480013, against this very Defendant, and despite a Court Order after the Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has Plaintiff's documents.

06 29

1        Plaintiff also met and conferred in detail as to his position including legal authority for

2 his response to these Requests on May 14, 2017. As with objections to interrogatories under Rule

3 33, objections to Rule 34 requests for production "must be stated with particularity in a timely

4 answer, See, Badalamenti v. Dunham's Inc., 498 U.S. 851 (1990);   Hall v. Sullivan, 231 F.R.D.

5 468, 474 (D. Md. 2005). Brenford Environmental System, L.P. v. Pipeliners of Puerto Rico,

6 Incorporated, 269 F.R.D. 143, 146 (D.P.R. 2010). This information is public information and is

7 readily accessible. Plaintiff also addressed this request in an email dated May 14th 2017.

8

9 **Response to Requests Number 3 and 4**

10        Category Police Reports/Insurance Reports plaintiff does not have any Police Report.

11        Insurance reports is a vague term.  However Plaintiff did respond fully.

12

13 **Response to Requests 8, 9 , and 10**

14        Category Communication between Plaintiff and Home Depot, Cricket Mobile, and

15 AT&T.

16        Since the wrongful eviction of the Plaintiff in 2012, the Defendant has been in wrongful

17 possession of Plaintiff's personal, business, corporate, legal and other documents.

18        Despite Plaintiff winning his nineteen day trial for conversion and trespass to chattel,

19 Moore vs. Martin-Bragg LASC BC 480013,  against this very Defendant, and despite a Court

20 Order after the Judgment for the return of Plaintiff's documents since November 8, 2013, the

21 Defendant still has Plaintiff's.

22

23        Plaintiff further responded that Plaintiff will fly to Milwaukee, Kentucky and Illinois in

24 the next few weeks to complete his search.

25 **Responses to 12-29**

26 **Category ???**

27 **No. 12.** Plaintiff's bankruptcy schedules are public information.

28

0030

1   **No. 13**. All documents concerning Plaintiff's radio stations  This is simply so vague as Plaintiff

2   objected.  Additionally any and all documents are either in Wisconsin, Ohio and Kentucky, or as

3   stated above in the Defendant's possession.

4   Since the wrongful eviction of the Plaintiff in 2011, the Defendant has been in wrongful

5   possession of Plaintiff's personal, business, corporate, legal and other documents.  Despite

6   Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-

7   Bragg LASC BC 480013,  against this very Defendant, and despite a Court Order after the

8   Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has

9   Plaintiff's.

10   **Responses 17 through 27**

11   **Category Communications with various Artists**

12   Since the wrongful eviction of the Plaintiff in 2012, the Defendant has been in wrongful

13   possession of Plaintiff's personal, business, corporate, legal and other documents.  Despite

14   Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-

15   Bragg LASC BC 480013,  against this very Defendant, and despite a Court Order after the

16   Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has

17   Plaintiff's.

18   **Response 29**

19   **Documents Communication with Ronald Hills and his lawyers` Plaintiff objected because**

20   **Mr. Hills and Plaintiff have been represented by the same attorney and the documents**

21   **would be privileged.  Plaintiff also objected because this is very overbroad and vague,**

22   **unintelligible and is conjunctive.**

23

24   Respectfully Submitted

25

26

27   DATED:  June 6th , 2017

                                   IVAN RENE MOORE

28                                      Plaintiff and Responding Party

0631

# CONCLUSION

Based on the forgoing this motion should be denied. Defendants seek to compel responses to various discovery requests to which Plaintiff raised reasonable and timely objections and answered to the best of his ability. The information for which Defendants seek resort to the Court is largely arises from the five to seven years litigation and bankruptcies of defendant, and as such is available to the Defendant or in the possession of the Defendant based on this defendants willful violations of a Court order to return this plaintiff's legal documents.

The documents requested are mostly in the possession of the defendant in this action. Plaintiff will now have to file a relief from stay motions to access the documents via Court because this Defendant has now purportedly given plaintiff's legal and business documents to Wells Fargo.

DATED: June 6th 2017

IVAN RENE MOORE
Plaintiff in Pro Se

0032

# DECLARATION OF IVAN RENE MOORE

I, Ivan Rene Moore, declare as follows:

I am the Plaintiff in this action and I have personal knowledge of the following.

1. Plaintiff responded to defendants production of documents Set One on May 3rd 2017. ( **Exhibit A**)

2. Plaintiff provided full and complete responses which were not boilerplate answer or objections.

3. Most of the documents requested are in the possession of this defendant in this action.

4. Some of the other document are in other States and plaintiff has not had the time to go to the various states to review and retrieve the documents requested based on the ongoing emails with random self-execution dates.

5. This motion is in bad faith and this defendant should be sanctioned for this conduct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 6th, 2017

IVAN RENE MOORE

8

6033

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and I am a party to the action within.  My business address is 1236 Redondo Blvd, Los Angeles, California 90019.  On June 6th, 2017, I served the foregoing documents described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; DECLARATION OF IVAN RENE MOORE**

I served this document on the interested parties in this action by depositing in the US Mail at Los Angeles, California addressed as follows and the Service list attached:

**Peter M. Lively**
**The Law Offices of Peter M. Lively**
**11268 Washington Blvd.  Suite 203**
**Culver City, CA  90230-4647**

**Steven A. Schuman**
**Lee T. Dicker**
**Leonard, Dicker & Schreiber LLC**
**9340 Olympic Boulevard**
**Suite 400**
**Beverly Hills, CA 90212-4519**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 6th, 2017, at Los Angeles, California.

Stan Bethel

0054

# APPENDIX

# H

FILED

JUN 06 2017

CLERK U S B...
CENTRAL DISTRICT OF CALIFORNIA
BY: _____

1   **IVAN RENE MOORE**
    **1236 Redondo Blvd**
2   **Los Angeles, CA  90019**
    **323  932-9439**
3   **Ivan  Rene  Moore**
    **Plaintiff  In  Pro se**
4

5

6                    **UNITED STATES BANKRUPTCY COURT**
7                    **CENTRAL DISTRICT OF CALIFORNIA**

8   **In re:**                          )  **Case No. 2:16-BK-22878-BR**
                                        )
9                                       )  **Adv No. 2:16-AP-01543** BR
    **Kimberly Barbour**                )
10  **Aka Kimberly Martin-Bragg,**      )  **Chapter (7)**
                              **Debtor** )
11                                      )
                                        )  **PLAINTIFF'S OPPOSITION TO**
12                                      )  **DEFENDANT'S MOTION TO COMPEL**
                                        )  **PRODUCTION OF DOCUMENTS;**
13  _____    )  **DECLARATION OF IVAN RENE**
    **IVAN RENE MOORE**                 )  **MOORE**
14  **PLAINTIFF**                       )
                                        )  **FILED CONCURRENTLY WITH**
15                                      )  **MOTION FOR SANCTIONS PURSUANT**
                                        )  **TO FRCP RULE 11 FOR FALSE**
16  **KIMBERLY BARBOUR**                )  **STATEMENTS BY COUNSEL**
17  **aka KIMBERLY MARTIN-BRAGG,**      )
                           **DEFENDANT** )
18                                      )  Date:  June 20th , 2017
                                           Time:  2:00 p.m.
19                                         Place:  1668
                                                   Los Angeles, CA
20

21                                         Judge: **HON BARRY RUSSELL**

22                                         Hearing Requested

23  _____

24  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

25

26                                               **ORIGINAL**

27

28

                                        1

0036

1    Plaintiff first responds by stating that despite the protestations and overwrought demands,
2    that all of the reasonably relevant documents to which the Plaintiffs would be legally entitled to
3    are offered for production. While Defendant's motion is thick and filled with attachments, it
4    does not place the factual content and the subject discovery requests and responses in their full
5    context.
6        An examination of the circumstances surrounding this motion demonstrates that
7    Defendant's motion and the relief sought is unwarranted and unnecessary.  Therefore,
8    Defendant's motion should be denied.
9
10       Plaintiff has filed his request for a Protective Order for the taking of his deposition and
11   has requested the Court order a discovery referee.   The parties are unable to resolve anything by
12   conversation, and only communicate by email based on the unprofessional conduct and the
13   willful lies of the defendant and her attorney.
14       Furthermore, filed concurrently with this objection, is a Motion for Sanctions under
15   FRCP Rule 11, against Steven A. Schuman and Leonard Dicker and Schreiber LLP, for the
16   knowingly and repeatedly false statements made in their pleading.
17
18   **I. General Discovery Rules Do Not Support the Sweeping and Contentious Discovery**
19   **Defendants Seek to Compel Here.**
20
21       The scope of allowable discovery under the federal rules is not as broad as Defendants
22   suggest. First, Under Rule 26(b)(1), there are two categories of discovery: that which is relevant
23   to the claim or defense of a party, and that which is merely relevant to the subject matter.  A
24   party seeking information relevant only to the subject matter must show good cause and seek the
25   court's approval.
26       The advisory committee's notes expressly explain that making "subject matter" discovery
27   dependent on showing good cause and obtaining court approval is "designed to involve the court
28   more actively in regulating the breadth of sweeping or contentious discovery."

0037

1    Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000). The sweeping and contentious

2  discovery sought here is relevant, at most, to the subject matter of the case, and thus Defendants

3  must show good cause to the Court for imposing the burden of such discovery on Plaintiff.

4  Discovery cannot be "unreasonably cumulative or duplicative, or . . . obtainable from some other

5  source . . . ." Fed. R. Civ. P. 26(b)(2)(i).

6

7    Plaintiff submits that aside from the patently objectionable requests, many of the

8  requests to which Defendants now seek to compel responses are cumulative, or duplicative,

9  request information that they have in their own possession or that is a matter of court records.

10

11    Defendants seek to compel Plaintiffs to provide information despite

12  valid, reasonable, and applicable objections and despite the fact that there is a five year history of

13  litigation before this bankruptcy, which resulted in two large victories for the Plaintiff.   First is

14  the **$5,650,000.00** a unanimous jury awarded the Plaintiff after a nineteen day trial for the

15  Defendant's intentional acts of conversion and trespass to chattel.   Defendant filed this and

16  another bankruptcy, a Chapter 11, two years ago, which was dismissed for cause, seeking to

17  avoid and discharge this debt she owes to Plaintiff.   The second is the theft of Plaintiff's home

18  and the wrongful eviction by the Defendant, which the Plaintiff had reversed in the California

19  Court of Appeals, and which is well-known and often cited case

20  Martin-Bragg vs. Moore, 219 Cal. App. 4th 367 (2013).

21    The context under which the Defendant has made this motion is one of threats and racial

22  animus against Plaintiff.   Plaintiff will not be subjected to this and will ask the Court to

23  intervene.

24  //

25  //

26  //

27  //

28

0039

## II. STATEMENT OF THE CASE

1

2      Most importantly, in Defendant's moving papers 1 Exhibit 3, the very first paragraph of

3    the email states that " Please make arrangements to get us all the documents, an appropriate

4    verified response with objection, no later than Monday, May 8, 2017."   Plaintiff served his

5    responses on May 3rd 2017. Plaintiff did not waive any objection and responded timely.

6

7      Despite the strident protestations of Defendant's counsel, the Plaintiff in

8    this matter has not engaged in any willful conduct that would justify the relief

9    requested.   While Plaintiff concedes that discovery in this matter has not

10   progressed as smoothly. This is solely the responsibility of the Defendant in this action.   The

11   Defendant has engaged in threats, lies and demeaning conduct. As best as Plaintiff can discern

12   the following responses are categorized here for the Court.

13   **Response to Requests Number 1, 2,  28**

14   **Categories `Dischargeability and Prior Litigation Requests**

15   Plaintiff has responded to this Request fully and in good faith.

16   First of all the " dischargeability"  of a debt inherently calls for a legal opinion and conclusion.

17   That is enough of an objection to this interrogatory and its attendant request for production of

18   documents.

19       Furthermore, all of the information to respond to this request is in the possession of the

20   Defendant.  Plaintiff responded as such and stated that  Plaintiff sued Defendant in Moore vs.

21   Martin Bragg for two intentional torts, Conversion and Trespass to Chattel.

22       Since the wrongful eviction of the Plaintiff in 2011, the Defendant has been in wrongful

23   possession of Plaintiff's personal, business, corporate, legal and other documents.  Despite

24   Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-

25   Bragg LASC BC 480013, against this very Defendant, and despite a Court Order after the

26   Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has

27   Plaintiff's documents.

28

0039

1       Plaintiff also met and conferred in detail as to his position including legal authority for

2   his response to these Requests on May 14, 2017. As with objections to interrogatories under Rule

3   33, objections to Rule 34 requests for production "must be stated with particularity in a timely

4   answer, See, Badalamenti v. Dunham's Inc., 498 U.S. 851 (1990);   Hall v. Sullivan, 231 F.R.D.

5   468, 474 (D. Md. 2005). Brenford Environmental System, L.P. v. Pipeliners of Puerto Rico,

6   Incorporated, 269 F.R.D. 143, 146 (D.P.R. 2010). This information is public information and is

7   readily accessible. Plaintiff also addressed this request in an email dated May 14th 2017.

8

9   **Response to Requests Number 3 and 4**

10      Category Police Reports/Insurance Reports plaintiff does not have any Police Report.

11      Insurance reports is a vague term.  However Plaintiff did respond fully.

12

13  **Response to Requests  8, 9 , and 10**

14      Category Communication between Plaintiff and Home Depot, Cricket Mobile, and

15  AT&T.

16      Since the wrongful eviction of the Plaintiff in 2012, the Defendant has been in wrongful

17  possession of Plaintiff's personal, business, corporate, legal and other documents.

18      Despite Plaintiff winning his nineteen day trial for conversion and trespass to chattel,

19  Moore vs. Martin-Bragg LASC BC 480013,  against this very Defendant, and despite a Court

20  Order after the Judgment for the return of Plaintiff's documents since November 8, 2013, the

21  Defendant still has Plaintiff's.

22

23      Plaintiff further responded that Plaintiff will fly to Milwaukee, Kentucky and Illinois in

24  the next few weeks to complete his search.

25  **Responses to 12-29**

26  **Category ???**

27  **No. 12.** Plaintiff's bankruptcy schedules are public information.

28

0040

1    **No. 13**.  All documents concerning Plaintiff's radio stations  This is simply so vague as Plaintiff

2    objected.   Additionally any and all documents are either in Wisconsin, Ohio and Kentucky, or as

3    stated above in the Defendant's possession.

4    Since the wrongful eviction of the Plaintiff in 2011, the Defendant has been in wrongful

5    possession of Plaintiff's personal, business, corporate, legal and other documents.  Despite

6    Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-

7    Bragg LASC BC 480013,  against this very Defendant, and despite a Court Order after the

8    Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has

9    Plaintiff's.

10   **Responses 17 through 27**

11   **Category Communications with various Artists**

12   Since the wrongful eviction of the Plaintiff in 2012, the Defendant has been in wrongful

13   possession of Plaintiff's personal, business, corporate, legal and other documents.  Despite

14   Plaintiff winning his nineteen day trial for conversion and trespass to chattel, Moore vs. Martin-

15   Bragg LASC BC 480013,  against this very Defendant, and despite a Court Order after the

16   Judgment for the return of Plaintiff's documents since November 8, 2013, the Defendant still has

17   Plaintiff's.

18   **Response 29**

19   **Documents Communication with Ronald Hills and his lawyers` Plaintiff objected because**

20   **Mr. Hills and Plaintiff have been represented by the same attorney and the documents**

21   **would be privileged.  Plaintiff also objected because this is very overbroad and vague,**

22   **unintelligible and is conjunctive.**

23

24        Respectfully Submitted

25

26

27        DATED:  June 6th , 2017

28                                          IVAN RENE MOORE
                                            Plaintiff and Responding Party

                            6

0040

## CONCLUSION

Based on the forgoing this motion should be denied. Defendants seek to compel responses to various discovery requests to which Plaintiff raised reasonable and timely objections and answered to the best of his ability. The information for which Defendants seek resort to the Court is largely arises from the five to seven years litigation and bankruptcies of defendant, and as such is available to the Defendant or in the possession of the Defendant based on this defendants willful violations of a Court order to return this plaintiff's legal documents.

The documents requested are mostly in the possession of the defendant in this action. Plaintiff will now have to file a relief from stay motions to access the documents via Court because this Defendant has now purportedly given plaintiff's legal and business documents to Wells Fargo.

DATED:  June 6th 2017

IVAN RENE MOORE
Plaintiff in Pro Se

0042

# DECLARATION OF IVAN RENE MOORE

I, Ivan Rene Moore, declare as follows:

I am the Plaintiff in this action and I have personal knowledge of the following.

1. Plaintiff responded to defendants production of documents Set One on May 3rd 2017.
( **Exhibit A**)

2. Plaintiff provided full and complete responses which were not boilerplate answer or objections.

3. Most of the documents requested are in the possession of this defendant in this action.

4. Some of the other document are in other States and plaintiff has not had the time to go to the various states to review and retrieve the documents requested based on the ongoing emails with random self-execution dates.

5. This motion is in bad faith and this defendant should be sanctioned for this conduct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 6th, 2017

IVAN RENE MOORE

8

0043

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and I am a party to the action within.  My business address is 1236 Redondo Blvd, Los Angeles, California 90019.  On June 6th, 2017, I served the foregoing documents described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; DECLARATION OF IVAN RENE MOORE**

I served this document on the interested parties in this action by depositing in the US Mail at Los Angeles, California addressed as follows and the Service list attached:

**Peter M. Lively**
**The Law Offices of Peter M. Lively**
**11268 Washington Blvd.  Suite 203**
**Culver City, CA  90230-4647**

**Steven A. Schuman**
**Lee T. Dicker**
**Leonard, Dicker & Schreiber LLC**
**9340 Olympic Boulevard**
**Suite 400**
**Beverly Hills, CA 90212-4519**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 6th, 2017, at Los Angeles, California.

Stan Bethel

0044

# Exhibit (A)

1  IVAN RENE MOORE
   1236 Redondo Boulevard
2  Los Angeles, CA, 90019

3  Telephone: (310) 871-9732

4  Plaintiff in Pro Se

5

6

               UNITED STATES BANKRUTPCY COURT
7
         CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION
8

9
   In Re:                          ) CASE NO.  2:16-BK-22878-BR
10 Kimberly Martin-Bragg,          ) ADV. NO.  2:16-AP-01543-BR
                    Debtor.        )
11                                 ) **IVAN RENE MOORE RESPONSE TO**
                                   ) **DEFENDANT DEBTOR KIMBERLY**
12 ──────────────────────────────  ) **BARBOUR'S FIRST REQUEST FOR**
   Ivan Rene Moore,                ) **PRODUCTION OF DOCUMENTS**
13          Plaintiff/Creditor.    )
                                   )
14 vs.                             )
                                   )
15 Kimberly Barbour, aka Kimberly Martin-Bragg, )
16 aka Kimberly Bragg, aka Kim Martin , aka Kim )
   Barbour , et al.               )
17          Defendants            )
                                  )
18                                )
                                  )
19                                )
                                  )
20

21

22 ─────────────────────────────

23

24

25 PROPOUNDING PARTY:        DEFENDANT DEBTOR KIMBERLY BARBOUR

26 RESPONDING PARTY:         PLAINTIFF/CREDITOR IVAN RENE MOORE

27 SET NO.:                  ONE

28

                                                              0086

## PRELIMINARY STATEMENT AND OBJECTIONS

### SPECIAL OBJECTION TO EACH AND EVERY REQUEST

1
2
3        Much of the information responsive to these Requests is not in Plaintiff's possession.

4 Plaintiff has made a reasonable and diligent search and believes they are in the wrongful

5 possession of the propounding party, Defendant/Debtor. They were at the 6150 Shenandoah

6 Avenue Property at the time of Plaintiff's wrongful eviction from his home. Since 2012 they have

7 been in the wrongful possession of Defendant. They are the subject of a Court Order in Moore vs.
The responding party is "required to inquire and investigate in order to learn about others' knowledge . .

8 Bragg BC 480013. On November 8, 2013, Judge Michelle Rosenblatt has ordered the Defendant
. [and] must at least make a reasonable effort to obtain the information requested." *Interland.*

9 Bragg to turn over these documents to Plaintiff, but to date she has not. Since then Plaintiff has
*Incorporated v. Bunting.* No. 1:04-CV-444-ODE, 2005 WL 2414990, at *6, 2005 U.S.

10 made a diligent and exhaustive attempts to retrieve this information and has not
Dist. LEXIS 36112, *19 (N.D. Ga. Mar. 31, 2005). Responding party has satisfied this obligation but

11 received it.

12 Defendant Barbour has not returned any documents or properties to Plaintiff.

13        Plaintiffs object to this discovery request on the basis of vagueness and overbreadth. In

14 addition, Plaintiffs submit to that the request is beyond the scope of permissible discovery.

15 Because a party does not need to be made aware of the contents of its own documents, the only

16 purpose for the request is to determine what information the Plaintiffs have discovered. Because

17 the second-hand knowledge of the plaintiff is not relevant nor reasonably calculated to lead to

18 admissible evidence, it is beyond the scope and objectives of legitimate discovery. FED. RULE

19 CIV. PRO. 26(b)(1). See, for example: Smith v. BIC Corp., 121 F.R.D. 235, 244-245 (E.D.Pa.

20 1988). In addition, Plaintiffs object to this request on the basis that the defendant has equal or

21 greater access to the information sought. Furthermore, Plaintiffs object on the basis of the Attorney

22 Work Product Doctrine, insofar as the selection of the documents requested would reveal the

23 mental impressions, opinions, and/or trial strategy of some of Plaintiff's attorneys, to the extent

24 Plaintiff was represented by counsel in some actions or parts of some actions. FED. RULE CIV.

25 PRO. 26(b)(3).(See, for example: Gould v. Mitsui Mining & Smelthing. 825 F.2d 676, 680 (2nd

26 Cir. 1987); Shelton v. American Motors, 805 F.2d 1323, 1328-1329 (8th Cir. 1986); Sporck v.

27 Pell, 759 F.2d 312, 316 (3rd Cir. 1985); James Julian v. Raytheon, 93 F.R.D. 138, 144 (D.Del.

28 1982); Smith v. Florida Power & Light, 632 So.2d 696 (Fla. App. 3rd Dist. 1994).

1   As such. the Defendant/Debtor propounds these requests in bad faith.

2   The Defendant/Debtor has failed to cooperate in discovery in violation of LR 7026 which states:

3

4   (c) Failure to Make Disclosures or Cooperate in Discovery.

5

6   (1) General.  Unless excused from complying with this rule by order of the court for good cause

7   shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in

8   accordance with this rule.

9

10   (2) Meeting of Counsel.  Prior to the filing of any motion relating to discovery, counsel for the

11   parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute.  It

12   is the responsibility of counsel for the moving party to arrange the conference.  Unless altered by

13   agreement of the parties or by order of the court for cause shown, counsel for the opposing party

14   must meet with counsel for the moving party within 7 days of service upon counsel of a letter

15   requesting such meeting and specifying the terms of the discovery order to be sought.  Therefore

16   and pursuant to LBR 7026-1 Plaintiff responds in good faith complete and straightforward as the

17   information reasonably available; and Plaintiff answers to the extent possible; and Plaintiff has

18   "made a reasonable and good faith effort to obtain the information .   To comply with

19   further requirements  , whether any responsive materials are being withheld on the basis of that

20   objection, Plaintiff is not withholding any document of which he does not have possession.

21        There may be additional facts. evidence and witnesses of which Plaintiff is currently not

22   aware as his investigation and  discovery continues.

23        Additionally, this First Request for Production of Documents is  premature and therefore

24   oppressive and burdensome because Defendants have refused to be deposed.  Defendant Bragg has

25   refused to turn over Plaintiff's documents which she has acknowledged is in her possession and

26   that they are owned by Mr. Moore.

27        Plaintiff objects to First Request For Production of Documents,  because they are

28   purposely designed to harass Plaintiff because Defendant knows Plaintiff is without certain

1  documents. Furthermore, Defendant propounds now knowing that Defendants will not submit to

2  their Deposition so that Plaintiff can inquire and ask her to bring his documents to prepare for trial.

3     Plaintiff objects further and because responses to the First Request for Production of

4  Documents because the documents are equally available to the propounder. Many of the

5  responses are in the possession of Defendant Barbour and or contained in Court Records. It is

6  unduly burdensome to produce these massive amounts of documents without the specificity

7  needed to respond. Please see Alpine Mutual Water Co. v. Superior Court (1968), 259

8  Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813; Pantzalas v. Superior Court

9  (1969), 272 Cal.App.2d 499, 503; and specifically City of Alhambra v. Superior Court (1980),

10  110 Cal.App.3d 513, 52.

11     Finally Plaintiff objects to each and every request Plaintiff objects to the discovery request

12  because it socks to invade the Plaintiffs right to privacy. Further, much of the information sought

13  is not relevant to the subject matter of the pending action because of the excessive time limitation,

14  2002, for example, or if so, does not outweigh the prejudice to Plaintiffs constitutional right to

15  privacy.

16

17  **RESPONSE TO REQUEST No. 1:**

18     Objection.

19     Plaintiff has stated many facts in his complaint which arise from documents in other court

20  actions against the Debtor/Defendant Barbour.     Additionally this Response is objected to under

21  all the objections in Plaintiff's Response to Special Interrogatories. This request calls for a legal

22  conclusion. All documents in response to this Request are in the possession of the

23  Debtor/Defendant or are equally available to the propounder. Please see Alpine Mutual Water

24  Co. v. Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d

25  813; Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503; and specifically City of

26  Alhambra v. Superior Court (1980), 110 Cal.App.3d 513, 52.

27  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

28  because the Defendant will not appear for her deposition to bring the documents she has.

0049

1  Therefore these Requests are made in bad faith and are premature.

2  And as such they are harassing and burdensome, and oppressive, and not reasonably calculated

3  at this time to lead to other discoverable evidence.

4  Without waiving said objection and responding in good faith, Plaintiff responds:

5  All documents upon which Plaintiff bases his contention on any claim are equally available.  See

6  the Complaint in Moore vs. Martin Bragg, LASC BC 480013, the Special Verdicts and the

7  Judgements entered thereon on September 3, 2013, and September 8, 2013.  See also the other

8  actions Defendant/Debtor is a named party, and her two bankruptcy filings, both of which this

9  discovery arises and is in the possession of the propounding party.  Plaintiffs object to this

10  discovery request on the basis of vagueness and overbreadth. In addition, Plaintiffs submit to that

11  the request is beyond the scope of permissible discovery. Because a party does not need to be made

12  aware of the contents of its own documents, the only purpose for the request is to determine what

13  information the Plaintiffs have discovered. Because the second-hand knowledge of the plaintiff is

14  not relevant nor reasonably calculated to lead to admissible evidence, it is beyond the scope and

15  objectives of legitimate discovery. FED. RULE CIV. PRO. 26(b)(1). See, for example: Smith v.

16  BIC Corp., 121 F.R.D. 235, 244-245 (E.D.Pa. 1988).  Plaintiff's discovery and investigation

17  continues. Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi,

18  Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

19  could possibly be produced on a later date if the defendant overcome the lawful objections.

20

21  **RESPONSE TO REQUEST NO. 2.**

22  Objection. The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

23  meant by "CONCERNING " , and " any of the property".

24  Without waiving said objection Plaintiff responds as follows:

25     . Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his

26  claim. Additionally this Request calls for a legal conclusion in the response.  Additionally this

27  information is equally available to the propounder.  Please see Alpine Mutual Water Co. v.

28  Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

0050

1    Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

2    v. Superior Court (1980), 110 Cal.App.3d 513, 52.

3    Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

4    because the Defendant will not appear for her  deposition.

5    Therefore these Requests are premature and as such they are harassing and burdensome, and

6    oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

7    Without waiving said objection and responding in good faith, Plaintiff responds:

8    All documents  upon which Plaintiff bases his contention on any claim are equally available.  See

9    the Complaint in Moore vs. Martin Bragg. LASC BC 480013, the Special Verdicts and the

10   Judgements entered theron on September 3, 2013, and September 8, 2013 and the actions in which

11   Debtor/Defendant is a party, including her two bankruptcies.  Notwithstanding the valid objection

12   Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and Evansville Ill in the next few

13   week to obtain certain document that will or could possibly be  produced on a later date if the

14   defendant overcome the lawful objections.

15   **RESPONSE TO REQUEST No.3:**

16   Objection.  The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

17   meant by  "Police reports ",  and " any of the property" and  "reports claiming."

18   Without waiving said objection Plaintiff responds as follows:

19   Defendant/Debtor is in wrongful possession of Plaintiff's documents and has been since 2012.

20   Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his claim.

21   Additionally this Request calls for a legal conclusion in the response.   Additionally this

22   information is equally available to the propounder.  Please see Alpine Mutual Water Co. v.

23   Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

24   Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra v.

25   Superior Court (1980), 110 Cal.App.3d 513, 52.

26   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

27   because the Defendant will not appear for her  deposition, nor has she delivered to Plaintiff any of

28   his documents.

0051

1   Therefore these Requests are premature and as such they are harassing and burdensome, and

2   oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

3   Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

4   Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

5   possibly be produced on a later date if the defendant overcome the lawful objections.

6

7   **RESPONSE TO REQUEST No. 4:**

8   Objection.   The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

9   meant by  "Insurance reports ",  and " any of the property" and "reports claiming."

10  Without waiving said objection Plaintiff responds as follows:

11          Defendant/Debtor is in wrongful possession of Plaintiff's documents and has been since

12  2012.

13          . Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his

14  claim.   Additionally this Request calls for a legal conclusion in the response.   Additionally this

15  information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

16  Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

17  Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503; and specifically City of Alhambra

18  v. Superior Court (1980), 110 Cal.App.3d 513, 52.

19  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

20  because the Defendant will not appear for her deposition.

21  Therefore these Requests are premature and as such they are harassing and burdensome, and

22  oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

23  All documents  upon which Plaintiff bases his contention on any claim are equally available.

24  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

25  because the Defendant will not appear for her deposition Notwithstanding the valid objection

26  Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and Evansville Ill in the next few

27  week to obtain certain document that will or could possibly be produced on a later date if the

28  defendant overcome the lawful objections.

0052

1   **RESPONSE TO REQUEST No. 5:**

2   Objection.

3   This information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

4   Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

5   Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503; and specifically City of Alhambra

6   v. Superior Court (1980), 110 Cal.App.3d 513, 52.

7   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

8   because the Defendant will not appear for her deposition.

9   Therefore these Requests are premature and as such they are harassing and burdensome, and

10  oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

11  Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

12  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

13  possibly be  produced on a later date if the defendant overcome the lawful objections.

14  **RESPONSE TO REQUEST No. 6:**

15  Objection.

16  This information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

17  Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

18  Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503; and specifically City of Alhambra v.

19  Superior Court (1980), 110 Cal.App.3d 513, 52.

20  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

21  because the Defendant will not appear for her deposition.

22  Therefore these Requests are made in bad faith, premature and as such they are harassing and

23  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

24  evidence.  The transcripts costs are around $21,656.00 the defendant will have to send a cashier's

25  check to obtain the requested transcript.

26

27

28

0053

1  **RESPONSE TO REQUEST No. 7:**

2  Objection.  Irrelevant.  This request is vague and unintelligible in its present form.

3  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING

4  COMMUNICATIONS".   It lacks particularity as required by the Federal Rules of Civil

5  Procedure and it is unduly burdensome.  It also violated Plaintiff's right to privacy.

6  The request also is objectionable as it calls for trade secrets.

7  Without waiving said objection Plaintiff responds:

8  Plaintiff has made a reasonable and diligent search and does not have the documents nor the

9  information.   These documents are or may be in the possession of the Defendant/Debtor.

10  **RESPONSE TO REQUEST No. 8:**

11  Objection.  This request is vague and unintelligible in its present form.

12  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING

13  COMMUNICATIONS".   The request also is objectionable as it calls for trade secrets.  It lacks

14  particularity as required by the Federal Rules of Civil Procedure and it is unduly burdensome.  It

15  also violated Plaintiff's right to privacy.

16  The request also is objectionable as it calls for trade secrets.

17  Without waiving said objection Plaintiff responds:

18  Plaintiff has made a reasonable and diligent search and does not have the documents nor the

19  information.   These documents are or may be in the possession of the Defendant/Debtor.

20  Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

21  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

22  possibly be  produced on a later date if the defendant overcome the lawful objections.

23

24  **RESPONSE TO REQUEST No. 9:**

25  Objection.  This request is vague and unintelligible in its present form.

26  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING

27  COMMUNICATIONS".  It lacks particularity as required by the Federal Rules of Civil Procedure

28  and it is unduly burdensome.  It also violated Plaintiff's right to privacy.

1  The request also is objectionable as it calls for trade secrets.

2  Without waiving said objection Plaintiff responds:

3  Plaintiff has made a reasonable and diligent search and does not have the documents nor the

4  information.  These documents are or may be in the possession of the Defendant/Debtor.

5  Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi, Louisville

6  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

7  possibly be  produced on a later date if the defendant overcome the lawful objections.

8

9  **RESPONSE TO REQUEST No. 10:**

10  Objection.  This request is vague and unintelligible in its present form.

11  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING

12  COMMUNICATIONS".  "  It lacks particularity as required by the Federal Rules of Civil

13  Procedure and it is unduly burdensome.  It also violated Plaintiff's right to privacy.

14  The request also is objectionable as it calls for trade secrets.  Without waiving said objection

15  Plaintiff responds:  Plaintiff has made a reasonable and diligent search and does not have the

16  documents nor the information.  These documents are or may be in the possession of the

17  Defendant/Debtor. Notwithstanding the valid objection Plaintiff will have to fly to Milwaukee Wi,

18  Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

19  could possibly be  produced on a later date if the defendant overcome the lawful objections.

20  **RESPONSE TO REQUEST No. 11**:

21  Objection.  This request is vague and unintelligible in its present form.

22  Plaintiff does not know what is meant by " DOCUMENTS CONCERNING" despite the definition

23  dump.  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to

24  return them despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC

25  480013.  Without waiving said objection Plaintiff responds.

26  Plaintiff may have documents in Milwaukee but has not been able to obtain them as of the

27  making of these responses. Notwithstanding the valid objection Plaintiff will have to fly to

28  Milwaukee Wi, Louisville Kentucky and Evansville Ill in the next few week to obtain certain

1    document that will or could possibly be produced on a later date if the defendant overcome the

2    lawful objections.

3    **RESPONSE TO REQUEST No. 12:**

4    Objection. Vague and unintelligible.    Plaintiff Ivan Rene Moore has not had four bankrutpcies.

5    As such, Plaintiff objects to the form of question because it states a hypothetical or an

6    impossibility.

7    Further objection is made on the grounds that this information is equally available to the

8    propounder.    Please see Alpine Mutual Water Co. v. Superior Court (1968), 259 Cal.App.2d 45;

9    Ryan v. Superior Court (1960), 186 Cal.App.2d 813; Pantzalas v. Superior Court (1969), 272

10    Cal.App.2d 499, 503; and specifically City of Alhambra v. Superior Court (1980), 110

11    Cal.App.3d 513, 52.   The propounder has access to PACER. Plaintiff's discovery is continuing

12    and Plaintiff has not had an opportunity to depose the Defendant because the Defendant will not

13    appear for her deposition. Therefore these Requests are made in bad faith, premature and as such

14    they are harassing and burdensome, and oppressive, and not reasonably calculated this time to lead

15    to other discoverable evidence.

16    **RESPONSE TO REQUEST No. 13:**

17    Objection.  This request is vague and unintelligible in its present form.

18    Plaintiff does not know what is meant by " DOCUMENTS CONCERNING" despite the

19    definition.   Objection as to trade secrets.   Objections are also made as to trade secrets, and

20    attorney client privilege. Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and

21    has failed to return them despite court orders to do so.   See Orders of Judge Michelle Rosenblatt

22   

23    in BC 480013. Objection is also made on the grounds that  information is equally available to the

24    propounder.   Please see Alpine Mutual Water Co. v. Superior Court (1968), 259 Cal.App.2d 45;

25    Ryan v. Superior Court (1960), 186 Cal.App.2d 813; Pantzalas v. Superior Court (1969), 272

26    Cal.App.2d 499, 503; and specifically City of Alhambra v. Superior Court (1980), 110

27   

28   

1  Cal.App.3d 513, 52.  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to

2  depose the Defendant because the Defendant will not appear for her deposition.

3  Therefore these Requests are premature and as such they are harassing and burdensome, and

4  oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

5  Notwithstanding the valid Lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville

6  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

7  possibly be  produced on a later date if the defendant overcome the lawful objections.

8  **RESPONSE TO REQUEST No. 14:**

9

10  Objection.   This request is vague and unintelligible in its present form.   Furthermore this request

11  as stated is factually incorrect and is therefore improper and irrelevant.

12  Plaintiff does not know what is meant by " DOCUMENTS reflecting PLAINTIFF'S ALLEGED

13  ASSETS OF $50,0000, as claimed in his bankruptcy petition."  Plaintiff's bankrutptcy petition is

14  public information and equally available as to what Plaintiff claimed.

15  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

16  despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

17

18  This information is equally available to the propounder.   Please see Alpine Mutual Water Co. v.

19  Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

20  Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

21  v. Superior Court (1980), 110 Cal.App.3d 513, 52.

22  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

23  Defendant because the Defendant will not appear for her deposition.   Therefore these Requests

24  are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,

25  and not reasonably calculated this time to lead to other discoverable evidence.  Notwithstanding

26  the valid Lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and

27

28

1    Evansville Ill in the next few week to obtain certain document that will or could possibly be

2    produced on a later date if the defendant overcome the lawful objections.

3

4    **RESPONSE TO REQUEST No. 15:**

5    Objection.   This request is vague and unintelligible in its present form.

6    Plaintiff does not know what is meant by " held" by Plaintiff.   Furthermore Plaintiff objects on

7    grounds of privacy.  See *People v. Superior Court* (Kardon) (1973), 35 Cal. App.3d 710 ; and

8
     Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 .
9

10   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

11   despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

12   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

13   Defendant because the Defendant will not appear for her deposition.

14   Therefore these Requests are made in bad faith, premature and as such they are harassing and

15   burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

16   evidence.  Notwithstanding the valid Lawful objections Plaintiff will have to fly to Milwaukee Wi,

17   Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

18   could possibly be  produced on a later date if the defendant overcome the lawful objections.

19   **RESPONSE TO REQUEST No. 16**

20   Objection.   This request is vague and unintelligible in its present form.

21   Plaintiff does not know what is meant by " CONCERNING" .  Further, the Defendant/Debtor has

22   Plaintiff's documents wrongfully, and has failed to return them despite court orders to do so.  See

23   Orders of Judge Michelle Rosenblatt in BC 480013.

24   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

25   Defendant because the Defendant will not appear for her deposition.

26   Therefore these Requests are made in bad faith, premature and as such they are harassing and

27   burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

28

1    evidence. Furthermore Plaintiff objects on grounds of privacy.  See *People v. Superior Court*

2    (Kardon) (1973), 35 Cal. App.3d 710 ; and Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

3    1427 . Furthermore Plaintiff objects to the time as so old as to be irrelevant. Notwithstanding the

4    valid lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and

5    Evansville Ill in the next few week to obtain certain document that will or could possibly be

6    produced on a later date if the defendant overcome the lawful objections.

7    **RESPONSE TO REQUEST No. 17**

8    Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

9    unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

10   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

11   despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

12   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

13   Defendant because the Defendant will not appear for her deposition.

14   Therefore these Requests are made in bad faith, premature and as such they are harassing and

15   burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

16   evidence. Furthermore Plaintiff objects on grounds of privacy.  See *People v. Superior Court*

17   (Kardon) (1973), 35 Cal. App.3d 710 : and Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

18   1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

19   Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

20   documents. Notwithstanding the valid lawful objections Plaintiff will have to fly to Milwaukee Wi,

21   Louisville Kentucky and Evansville Ill in the next few week to obtain certain document that will or

22   could possibly be  produced on a later date if the defendant overcome the lawful

23   objections.**RESPONSE TO REQUEST No. 18**

24   Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

25   unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

26   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

27   despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

28

1  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

2  Defendant because the Defendant will not appear for her deposition.

3  Therefore these Requests are made in bad faith, premature and as such they are harassing and

4  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

5  evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

6  (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

7  1427 . Additionally this evidence may involve trade secrets.  Without waiving said objections,

8  

9  Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

10  documents.

11  **RESPONSE TO REQUEST No. 19**

12  Objection.  Irrelevant.  FRE 401, California Evidence Code §210   This request is vague and

13  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

14  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

15  despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

16  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

17  Defendant because the Defendant will not appear for her deposition.

18  

19  Therefore these Requests are made in bad faith, premature and as such they are harassing and

20  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

21  evidence. Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

22  (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

23  1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

24  

25  Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

26  documents.

27

28

0060

**RESPONSE TO REQUEST No. 20**

Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and
unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .
Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them
despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.
Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the
Defendant because the Defendant will not appear for her deposition.   Therefore these Requests
are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,
and not reasonably calculated this time to lead to other discoverable evidence.  Furthermore
Plaintiff objects on grounds of privacy. See *People v. Superior Court* (Kardon) (1973), 35 Cal.
App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 .  Additionally this
evidence may involve trade secrets. Without waiving said objections, Plaintiff responds as
follows: Plaintiff objects to these documents as irrelevant as to age of the documents.

**RESPONSE TO REQUEST No. 21**

Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and
unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .
Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them
despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.
Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the
Defendant because the Defendant will not appear for her deposition.
Therefore these Requests are made in bad faith, premature and as such they are harassing and
burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable
evidence.  Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*
(Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,
1427 .  Additionally this evidence may involve trade secrets. Without waiving said objections,

1   Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

2   documents.

3   **RESPONSE TO REQUEST No. 22**

4   Objection. Irrelevant. FRE 401. California Evidence Code §210   This request is vague and

5   unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

6   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

7   despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

8   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

9   Defendant because the Defendant will not appear for her deposition.   Therefore these Requests

10  are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,

11  and not reasonably calculated this time to lead to other discoverable evidence.  Furthermore

12  Plaintiff objects on grounds of privacy. See *People v. Superior Court* (Kardon) (1973), 35 Cal.

13  App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 .  Additionally this

14  evidence may involve trade secrets. Without waiving said objections, Plaintiff responds as

15  follows: Plaintiff objects to these documents as irrelevant as to age of the documents.

16

17  **RESPONSE TO REQUEST No. 23**

18  Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

19  unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

20  Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

21  despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

22  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

23  Defendant because the Defendant will not appear for her deposition. Therefore these Requests are

24  made in bad faith, premature and as such they are harassing and burdensome, and oppressive, and

25  not reasonably calculated this time to lead to other discoverable evidence.  Furthermore Plaintiff

26  objects on grounds of privacy. See *People v. Superior Court* (Kardon) (1973), 35 Cal. App.3d 710

27

28

1 : and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412. 1427 .  Additionally this evidence

2 may involve trade secrets. Without waiving said objections, Plaintiff responds as follows:

3 Plaintiff objects to these documents as irrelevant as to age of the documents.

4 **RESPONSE TO REQUEST No. 24**

5 Objection.  Irrelevant.  FRE 401, California Evidence Code §210   This request is vague and

6 unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

7 Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

8 despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

9 Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

10 Defendant because the Defendant will not appear for her deposition.

11

12 Therefore these Requests are made in bad faith, premature and as such they are harassing and

13 burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

14 evidence.  Furthermore Plaintiff objects on grounds of privacy.  See *People v. Superior Court*

15 (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

16 1427 .  Additionally this evidence may involve trade secrets. Without waiving said objections,

17 Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

18 documents.

19

20 **RESPONSE TO REQUEST No. 25**

21 Objection. Irrelevant, FRE 401, California Evidence Code §210   This request is vague and

22 unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING".

23 Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

24 despite court orders to do so.  See Orders of Judge Michelle Rosenblatt in BC 480013.

25 Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

26 Defendant because the Defendant will not appear for her deposition.

27

28

0068

1 Therefore these Requests are made in bad faith, premature and as such they are harassing and

2 burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

3 evidence.

4 Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

5 (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

6

7 1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

8 Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

9 documents.

10 **RESPONSE TO REQUEST No. 26**

11 Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

12 unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

13 even with definitions included.  Further, the Defendant/Debtor has Plaintiff's documents

14 wrongfully, and has failed to return them despite court orders to do so.  See Orders of Judge

15 Michelle Rosenblatt in BC 480013. Plaintiff's discovery is continuing and Plaintiff has not had an

16 opportunity to depose the Defendant because the Defendant will not appear for her deposition.

17 Therefore these Requests are made in bad faith, premature and as such they are harassing and

18 burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

19 evidence.  Furthermore Plaintiff objects on grounds of privacy. See *People v. Superior Court*

20 (Kardon) (1973), 35 Cal. App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412,

21

22 1427 . Additionally this evidence may involve trade secrets. Without waiving said objections,

23 Plaintiff responds as follows: Plaintiff objects to these documents as irrelevant as to age of the

24 documents.

25 **RESPONSE TO REQUEST No. 27**

26 Objection. Irrelevant. FRE 401, California Evidence Code §210   This request is vague and

27 unintelligible in its present form. Plaintiff does not know what is meant by " CONCERNING" .

28

1   Further, the Defendant/Debtor has Plaintiff's documents wrongfully, and has failed to return them

2   despite court orders to do so.   See Orders of Judge Michelle Rosenblatt in BC 480013.

3   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

4   Defendant because the Defendant will not appear for her deposition.   Therefore these Requests

5   are made in bad faith, premature and as such they are harassing and burdensome, and oppressive,

6   and not reasonably calculated this time to lead to other discoverable evidence.   Furthermore

7   Plaintiff objects on grounds of privacy. See *People v. Superior Court* (Kardon) (1973), 35 Cal.

8   App.3d 710 ; and  Alch v. Superior Court (2008), 165 Cal.App.4th 1412, 1427 .  Additionally this

9

10   evidence may involve trade secrets. Without waiving said objections, Plaintiff responds as

11   follows: Plaintiff objects to these documents as irrelevant as to age of the documents.

12

13   **RESPONSE TO REQUEST NO. 28.**

14   Objection. The Request as worded is unintelligible, vague and Plaintiff is uncertain as to what is

15   meant by "CONCERNING " , and " any of the property".

16   Without waiving said objection Plaintiff responds as follows:

17        . Plaintiff's investigation is ongoing and Plaintiff may discover other facts relevant to his

18   claim. Additionally this Request calls for a legal conclusion in the response.   Additionally this

19   information is equally available to the propounder.  Please see Alpine Mutual Water Co. v.

20   Superior Court (1968), 259 Cal.App.2d 45; Ryan v. Superior Court (1960), 186 Cal.App.2d 813;

21   Pantzalas v. Superior Court (1969), 272 Cal.App.2d 499, 503;  and specifically City of Alhambra

22   v. Superior Court (1980), 110 Cal.App.3d 513, 52.

23   Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the Defendant

24   because the Defendant will not appear for her  deposition to determine her wrongful possession of

25   these documents.

26

27

28

0065

1  Therefore these Requests are made in bad faith, premature and as such they are harassing and

2  burdensome, and oppressive, and not reasonably calculated this time to lead to other discoverable

3  evidence. Without waiving said objection and responding in good faith, Plaintiff responds:

4  All documents upon which Plaintiff bases his contention on any claim are equally available.  See

5  the Complaint in Moore vs. Martin Bragg, LASC BC 480013, the Special Verdicts and the

6  Judgements entered theron on September 3, 2013, and September 8, 2013 and the actions in which

7  Debtor/Defendant is a party, including her two bankruptcies.  Notwithstanding the valid lawful

8  objections Plaintiff will have to fly to Milwaukee Wi, Louisville Kentucky and Evansville Ill in the

9  next few week to obtain certain document that will or could possibly be  produced on a later date if

10  the defendant overcome the lawful objections.

11  **RESPONSE TO REQUEST No. 29**

12  Objection. Irrelevant  FRE 410 and CEC 210.  Attorney Client Privilege.  ( See *Deary v. Superior*

13  *Court (Hendrick)* (2001), 87 Cal.App.4th 1072, ;See Stadish v. Superior Court (1999) 71

14  Cal.App.4th 1130, 1140-1141 [84 Cal.Rptr.2d 350]; Scottsdale Ins. Co. v. Superior Court (1997)

15  59 Cal.App.4th 263, 274 [69 Cal.Rptr.2d 112].)"   Mr Hills and Plaintiff are represented in actions

16
17  by the same attorney.This Request is overly broad and vague and ambiguous as to which

18  "COMMUNICATIONS" are requested.   As such Plaintiff objects to the form of this question as

19  C.C.P.§2031.030(c)(1)  failing in "describing each individual item or by reasonably particularizing

20  each category...."This request is compound, and conjuctive and unintelligible in its present form.

21  Vague as to "CONCERNING".  Even with the definition provided Plaintiff cannot understand

22  what is meant by this Request and "CONCERNING".  Objection as to trade secrets. (See Standish

23  v. Superior Court (1999), 71 Cal.App.4th 1130, 1141) This request is unduly burdensome and

24  overbroad because much of what it seems to call for is irrelevant to this action with regard to

25  communications with Ronald Hills.  It lacks the particularity and specificity so Plaintiff is unable

26  to respond.   Objection as to privacy and unduly intrusive.  And objection as to relevancy in time.

27  Notwithstanding the valid lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville

28

1  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

2  possibly be produced on a later date if the defendant overcome the lawful objections.

3  **RESPONSE TO REQUEST No. 30**

4  Plaintiff is unable to produce documents which Defendant/Debtor has Plaintiff's documents

5  wrongfully, and has failed to return them despite court orders to do so.   See Orders of Judge

6  Michelle Rosenblatt in BC 480013.

7
8  Plaintiff's discovery is continuing and Plaintiff has not had an opportunity to depose the

9  Defendant because the Defendant will not appear for her deposition.

10  Therefore these Requests are premature and as such they are harassing and burdensome, and

11  oppressive, and not reasonably calculated this time to lead to other discoverable evidence.

12  Objection. Privilege California recognizes a "privilege against forced disclosure of tax returns" in

13  "civil discovery proceedings." Schnabel v. Superior Court (1993) 5 Cal.4th 704.   Webb v.

14  Standard Oil Co. (1957) 49 Cal.2d 509, 513.)   Additionally this request violates Plaintiff's right to

15  privacy. Objection is made also in that this is unduly burdensome and irrelevant, and exceed time

16  limitations therefore are irrelevant.

17  Notwithstanding the valid lawful objections Plaintiff will have to fly to Milwaukee Wi, Louisville

18  Kentucky and Evansville Ill in the next few week to obtain certain document that will or could

19  possibly be produced on a later date if the defendant overcome the lawful objections.

20
21
22
23
24
25
26
27
28

1  **VERIFICATION**

2  I am the Plaintiff in the above entitled matter.  I have read the foregoing  **IVAN RENE MOORE**

3  **RESPONSE TO DEFENDANT DEBTOR KIMBERLY BARBOUR'S FIRST REQUEST FOR**

4  **PRODUCTION OF DOCUMENTS** and know the contents thereof.   With respect to these

5  Responses, the same is true by my own knowledge, except as those matters which are therein

6  stated on information and belief, and, as to those matters, I believe them to be true.

7

8  Notwithstanding this litigation is ongoing and this plaintiff reserves his right to modify his

9  answers if new information is discovered.

10

11  I declare under the penalty of perjury under the laws of the United States, that the forgoing is true

12  and correct.

13  Dated:  May 3ᵗʰ , 2017

14

15  Ivan Rene Moore

16  Plaintiff  In Pro Se

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE BY MAIL**

**STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and I am party to the action within. My business address is 1236 Redondo Blvd, Los Angeles, California 90019. On May 3rd , 2017 , I served the foregoing documents described as:

**IVAN RENE MOORE RESPONSE TO DEFENDANT DEBTOR KIMBERLY BARBOUR'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS SET ONE**

on the interested parties in this action by email and by placing true copies thereof enclosed in a sealed envelope and addressing as follows:

Steven Schuman

(Attorney for Defendant Bragg)

9460 Olympic Blvd

Los Angeles California 90212

Executed on May 3rd , 2017 at Los Angeles, California. I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

_____

Ivan Rene Moore

# APPENDIX

# I

0069

| | |
|---|---|
| 1 | **IVAN RENE MOORE** |
| 2 | **1236 South Redondo Blvd**<br>**Los Angeles, CA 90019** |
| 3 | **(323) 932-9439** |
| 4 | **Ivan Rene Moore, Creditor  In Pro Se** |
| 5 | |

FILED

NOV 16 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:     JA     Deputy Clerk

6        **UNITED STATES BANKRUPTCY COURT**
7        **CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 8 | | ) **Bankruptcy Case No. 2:16-bk-22878-BR** |
| | | ) **Assigned to:  Judge Barry Russell** |
| 9 | In re: Kimberly Martin Barbour, | ) |
| | aka Kimberly Martin-Bragg | ) |
| 10 | | ) **CREDITOR, IVAN RENE MOORE'S** |
| | | ) **REQUEST FOR CLARIFICATION OF** |
| 11 | | ) **COURT ORDER REGARDING THE** |
| | | ) **JUDGMENT AND ORDER OF LOS** |
| 12 | | ) **ANGELES SUPERIOR COURT JUDGE** |
| | | ) **HON. MICHELLE ROSENBLATT IN** |
| 13 | | ) **THE AMOUNT OF $3.15 MILLION** |
| | | ) **DOLLARS ARISING OUT OF WILLFUL** |
| 14 | | ) **AND MALICIOUS  INTENTIONAL** |
| | | ) **TORT OF TRESPASS TO CHATTEL** |
| 15 | | ) **AND CONVERSION OF PERSONAL** |
| | | ) **PROPERTY IN LOS ANGELES** |
| 16 | | ) **SUPERIOR COURT AGAINST THE** |
| | | ) **DEBTOR, KIMBERLY MARTIN-BRAGG** |
| 17 | | ) **IN CASE NUMBER BC480013 WHICH IS** |
| | | ) **STILL PENDING APPEAL IN THE** |
| 18 | | ) **COURT OF APPEALS OF CALIFORNIA,** |
| | | ) **SECOND APPELLATE DISTRICT,** |
| 19 | | ) **DIVISION ONE IN CASE NUMBER** |
| | | ) **B272445** |
| 20 | | ) |
| 21 | | ) Date:  **November 27, 2018** |
| 22 | | ) Time: **10:00 a.m.** |
| | | ) Place: **Hearing Room 1668** |
| 23 | | )       **Los Angeles Bankruptcy Court** |
| 24 | | )       **255 East Temple Street** |
| 25 | | )       **Los Angeles, CA  90012** |
| 26 | _____ | ) |
| 27 | | |
| 28 | | |

◻ **ORIGINAL**

1

0020

## CLARIFICATION OF COURT ORDER

The Debtor in the Action Kimberly Martin-Bragg/Barbour stated and represented in open court to the Los Angeles Superior Court Department 14, the Honorable Judge Terry Green presiding on October 23, 2018 that the Creditor, Ivan Rene Moore's California Jury monetary damages award and the California Superior Court Order and judgment in the amount of $3.15 million dollars, plus costs, in the Moore v. Bragg case number BC480013 in favor of Ivan Rene Moore for **Malicious Intentional Tort** of trespass to chattel and conversion of personal property committed by Kimberly Martin-Bragg, was completely and forever discharged by this Bankruptcy Court sometime during the pendency of this bankruptcy. On **12/8/2016** the Court granted Relief from Automatic Stay under 11 U.S.C § 362 regarding the (2) appeals case no **B276366** and **B272445** for any and all parties to move forward on theses appeals. **(See Exhibit A)**

The creditor Ivan Rene Moore disagreed and stated the issues regarding this award have been on appeal since 2016 in California Court of Appeal Second District Division (5) case of Moore v. Bragg B276366, and is still presently on appeal in the California Court of Appeal Second District Division (1) Moore v. Bragg B272445.**(See Exhibit B)**

Therefore, there has been no ruling discharging this award of this creditor by this Bankruptcy Court. Notwithstanding **Malicious Intentional Tort** are **not dischargeable** in a bankruptcy action. This Court granted Relief from Stay on December 8th, 2016 for these two appeals cases.

2

0071

Therefore, this Bankruptcy Court did not, could not and would not attempt to discharge this award given that this Court did not have jurisdiction to usurp the authority of the Los Angeles Superior Court or the California Court of Appeal Second District, regarding property that **does not belong to this debtor** Kimberly Martin-Bragg/Barbour.

Also based upon the many facts that this award is for bailment property that **does not** belong to this debtor Kimberly Martin-Bragg/ Barbour and the misconduct by the debtor was found to be by the jury as malicious and tortuous, and based upon the bankruptcy rules and laws award for this type of conduct are not dischargeable in bankruptcy. Bankruptcy was in-acted by the United States Congress and designed for honest person(s) to get a fair and new start at life.

This creditor Ivan Rene Moore and the Los Angeles Superior Court Department 14 the Honorable Terry green wants to know this court's position. This information will be provided to the Los Angeles Superior Court the Honorable Terry Green of the Los Angeles Superior Court for case management conference and hearing regarding this matter on 12/7/2018 at the Los Angeles Superior Court Department 14 at 8:30 a.m.

# I.
# INTRODUCTION

Prior to the filing of the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour's filing of the instant bankruptcy, she was found to be liable to the creditor Ivan Rene Moore for willful and malicious intentional tort of trespass to chattel and willful and malicious intentional tort of conversion of the certain personal properties that were in lawful possession of the creditor, Ivan Rene Moore. After a two weeks jury trial, a jury verdict in the amount of $5.6 Million dollars was entered in favor of Ivan Rene Moore and against the Debtor, Kimberly Martin-Bragg.

0072

Subsequently, the Los Angeles Superior Court Judge, Hon. Michelle Rosenblatt entered a Judgment and Order in the amount of $3.15 million dollars arising out of willful, malicious and intentional tort of trespass to chattel and conversion of personal property in Los Angeles Superior Court against the debtor, Kimberly Martin Barbour in case number **BC480013.**

This case is still pending appeal in the Court of Appeals of California, Second Appellate District, Division One in case number **B272445.** The Debtor, Kimberly Martin-Bragg aka Kimberly Barbour represented to a Los Angeles Superior Court Judge in Hills v. Wells Fargo, case number BC 713 791 and purported to claim that the $3.15 million dollars arising out of willful, and malicious, intentional tort of trespass to chattel and conversion of personal property was completely and forever discharged by this Court.

Having no notice of said discharge order, Ivan Rene Moore is hereby seeking clarification of this Court on the purported discharge order regarding the bailment property that was in lawful possession of creditor Ivan Rene Moore and still on appeal.

As this Court may recall on December 8, 2016, this Court entered an order granting the Creditor Ivan Rene Moore's motion for **Relief from Automatic Stay under 11 U.S.C. § 362** for the creditor Ivan Rene Moore to proceed with his Appeal in B276366 and B272445 which pertains to the Judgment arising from the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour's willful and malicious intentional tort to trespass to Chattel, and conversion of personal property that were in lawful possession of Ivan Rene Moore.

1    Please see **Exhibit A,** a true and correct copy of the Order granting Creditor Ivan Rene

2    Moore's motion for Relief from Stay to proceed with the non-bankruptcy action in Moore v.

3    Martin-Bragg and *Moore et.al. v. Bragg* in Docket number **B276366** and **B272445**.

4    Furthermore, attached herein as **Exhibit B** is a true and correct copy of the Court of

5    Appeals document in **B272445**, and **Exhibit C** demonstrating that the case pertaining to

6
7    BC480013 is still a pending appeal in the California Court of Appeals, Second Appellate District

8    Division One.

9                            **II.**
                           **CONCLUSION**
10

11    For the foregoing reasons, Ivan Rene Moore, respectfully requests clarification pertaining

12    to the Los Angeles Superior Court Judge, Hon. Michelle Rosenblatt's Judgment and Order in the

13    amount of $3.15 million dollars. The information will be provided to the Los Angeles Superior

14    Court.

15

16    This conduct of this debtor arising out of willful, malicious and intentional tort of

17    trespass to chattel and conversion of personal property in Los Angeles Superior Court against the

18    debtor, Kimberly Martin Barbour in case number **BC480013.**

19

20
21    Kimberly Martin Barbour filed an Appeal to reverse the jury award. On September 8th

22    2017, case noB276366. The California Court of Appeal Second District ruled unanimously in

23    favor of Ivan Rene Moore rejecting each and very frivolous claim proffered by Kimberly Martin

24    Bragg/Barbour.

25        //

26        //

27

28

0074

1        In this creditors Ivan Rene Moore's appeal is still pending appeal in the Court of Appeals

2   of California, Second Appellate District, Division One in case number **B272445.**

3

4   Dated: November 9th , 2018                    Respectfully Submitted,

5

6

7                                              Ivan Rene Moore, In Pro Se

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

0075

**PROOF OF SERVICE**
**STATE OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

1
2

3

4

5

6

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and I am not a party to the action within. My business address is 1236 S. Redondo Boulevard, Los Angeles, California 90019. On November 9th, 2018, I served the foregoing documents described as:

7
8
9
10
11
12

**CREDITOR, IVAN RENE MOORE'S REQUEST FOR CLARIFICATION OF COURT ORDER REGARDING THE JUDGMENT AND ORDER OF LOS ANGELES SUPERIOR COURT JUDGE HON. MICHELLE ROSENBLATT IN THE AMOUNT OF $3.15 MILLION DOLLARS ARISING OUT OF WILLFUL AND MALICIOUS INTENTIONAL TORT OF TRESPASS TO CHATTEL AND CONVERSION OF PERSONAL PROPERTY IN LOS ANGELES SUPERIOR COURT AGAINST THE DEBTOR, KIMBERLY MARTIN-BRAGG IN CASE NUMBER BC480013 WHICH IS STILL PENDING APPEAL IN THE COURT OF APPEALS OF CALIFORNIA, SECOND APPELLATE DISTRICT, DIVISION ONE IN CASE NUMBER B272445**

13
14

      I served this document on the interested parties in this action by USPS with prepaid postage at the addresses as follows:

15

**SEE SERVICE LIST**

16
17

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 9th, 2018, at Los Angeles, California.

18
19
20

Veronica Rodgers

21
22
23
24
25
26
27
28

0076

1   Suti Music c/o Ivan Rene Moore
    1236 Redondo Blvd.
2   Los Angeles, California 90019-1546

3   The Moore Family Trust c/o Ivan Rene Moo
    1236 Redondo Blvd.
4   Los Angeles, California 90019-1546

5   United Broadcasting Group C/O Rene Moore
    1236 Redondo Blvd
6   Los Angeles, CA 90019-1546

7   Vann Johnson c/o Ivan Rene Moore
    1236 Redondo Blvd.
8   Los Angeles, California 90019-1546

9

10  Wells Fargo Bank
    P.O. Box 25341
11  Santa Ana, California 92799-5341

12

13  WELLS FARGO, N.A.
    c/o Joshua K. Partington
    ASSAYAG MAUSS, LLP
14  2915 Redhill Avenue, Suite 200
    Costa Mesa, CA 92626-7978
15

16  WRPRJ Investment Group
    C/O Rene Moore
    1236 Redondo Blvd
17  Los Angeles, Ca 90019-1546

18  Alamode Music c/o Ivan Rene Moore
    1236 Redondo Blvd.
19  Los Angeles, California 90019-1546

20

21  Central South Distributions
    1236 Redondo Blvd
22  Los Angeles, CA 90019-1546

23  Citibank
    Post Office Box 6004
24  Sioux Falls, South Dakota 57117-6004

25  Greenberg & Bass, LLP
    15000 Ventura Blvd
26  Encino, California 91436-2762

27  Internal Revenue Service
    300 N. Los Angeles ST  STOP 5022
28  Los Angeles, CA 90012-3478

    Ivan Rene Moore
    1236 Redondo Blvd
    Los Angeles, CA 90019-1546

The Estate of IMA Moore c/o Ivan Rene Mo
1236 Redondo Blvd.
Los Angeles, California 90019-1546

The Moore Family Trust c/o Rene Moore
1236 Redondo Blvd.
Los Angeles, CA 90019-1546

V.J. Chandran c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Wells Fargo Bank
c/o Michele Sabo Assayag
Assayag Mauss
2915 Redhill Ave Ste 200
Costa Mesa CA 92626-5916

WELLS FARGO BANK, N.A.
c/o ASSAYAG MAUSS, LLP
2915 Redhill Ave., Ste. 200
Costa Mesa, CA 92626-5916

West Viking Studios c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Joshua Parrington Esq.
2915 Red Hill Suite 200
Costa Mesa, California 92626

American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK  73124-8848

Chase
P.O. Box 78420
Phoenix, Arizona 85062-8420

Deutsche Bank National Trust Company
700 Kansas Lane
Monroe, Arizona 71203-4774

GS Electronics c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

IRM Productions c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Ivan Rene Moore
1236 Redondo Blvd
Los Angeles, California 90019-1546

Joe & Helen Easton Invest C/O Rene Moore
1236 Redondo Blvd
Los Angeles, CA 90019-1546

Kara Financial
C/O Rene Moore
1236 Redondo Blvd
Los Angeles, CA 90019-1546

LADWP
c/o National Recovery Agency
2491 Paxton Street
Harrisburg, PA 17111-1036

Lee T Dicker
Leonard Dicker & Schreiber LLP
9430 Olympic Blvd
Beverly Hills, CA 90212-4552

Los Angeles Police Credit Union
16150 Sherman Way
Van Nuys, California 91406-3956

Peter M Lively
The Law Offices of Peter M Lively
11268 Washington Blvd Ste 203
Culver City, CA 90230-4647

Pro Value Properties, Inc. c/o Nussbaum
27489 Agoura Rd, Suite 102
Agoura Hills, California 91301-2481

Pro Value Propeties, Inc.
5737 Kanan Road, Suite 487
Agoura Hills, California 91301-1601

Rene & Angela c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Rick Wilson c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Rutftown Entertainment Group c/o Ivan Re
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Samayack/New Frontier c/o Ivan Rene Moor
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Stone Busailah, LLP, Attn: Michael Willi
200 East Del Mar Boulevard, Suite 350
Pasadena, California 91105-2564

JP Morgan Chase Bank
700 Kansas Lane
Monroe , LA 71203-4774

Kimberly Barbour
6150 Shenandoah Avenue
Los Angeles, CA 90056-2021

Law Offices of Thomasina Reed
5777 W. Century Blvd., Suite 1125
Los Angeles, California 90045-5637

Loren Chaney  c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Peter Baer c/o Nussbaum APC
27489 Agoura Rd, Suite 102
Agoura Hills, California 91301-2481

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

Pro Value Properties, Inc.
5737 Kanan Road, Suite 487
Agoura Hills , California 91301-1601

Radio Multi Media Investments c/o Ivan R
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Rene Moore Music c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Ronald Hills c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Sam Essens c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

South Central Distribution c/o Ivan Rene
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Strategic Acquisitions, Inc., et al c/o
27489 Agoura Rd., Suite 102
Agoura Hills, California 91301-2481

<table>
<tr><td>

Attorney or Party Name, Address, Telephone & FAX
Nos., State Bar No. & Email Address

Steven A. Schuman, SBN 142834
Leonard, Dicker & Schreiber LLP
9430 Olympic Boulevard, Suite 400
Beverly Hills, CA 90212-4519
Phone: (310) 551-1987; Fax: (310) 277-8050
Email: sschuman@ldslaw.com

Attorneys for Debtor Kimberly Barbour

</td><td>

FOR COURT USE ONLY

FILED & ENTERED

DEC 08 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier   DEPUTY CLERK

</td></tr>
</table>

☐ Movant appearing without an attorney
☐ Attorney for Movant

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re: | CASE NO.: 2:16-bk-22878-BR |
|---|---|
| | CHAPTER: 7 |
| KIMBERLY BARBOUR, | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** **(Action in Nonbankruptcy Forum)** |
| | DATE: November 22, 2016 TIME: 10:00 a.m. COURTROOM: 1668 PLACE: |
| Debtor(s). | |

**MOVANT:** Ivan Rene Moore

1. The Motion was:   ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

Name of Nonbankruptcy Action: *MOORE v. MARTIN-BRAGG* and *MOORE, et al. v. BRAGG*

Docket number: B276366 and B272445

Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:
California Court of Appeal, Second Appellate District

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 1                        F 4001-1.RFS.NONBK.ORDER

0079

3.  The Motion is granted under 11 U.S.C. § 362(d)(1).

4.  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☐  Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐  Modified or conditioned as set forth in Exhibit _____ to the Motion.

    c.  ☐  Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to ε
        remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5.  **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to fi
    (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to er
    judgment only by *(specify all that apply)*:

    a.  ☐  Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

    b.  ☐  Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy

6.  This order is binding and effective despite any conversion of this bankruptcy case to a case under any
    of the Bankruptcy Code.

7.  ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the
       the same terms and conditions as to the Debtor.

8.  ☐  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.  ☐  This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a
       180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐  This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, v
       further notice.

11. ☒  Other *(specify)*: No relief as to ANY matter in any trial court.  Relief is granted ONLY as to the two ap
       referenced above.

###

Date: December 8, 2016

Barry Russell
United States Bankruptcy Judge

# Appellate Courts Case Information



CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

## 2nd Appellate District

Change court

*Court data last updated: 11/12/2018 11:52 AM*

## Case Summary

| | |
|---|---|
| Trial Court Case: | BC464111 |
| Court of Appeal Case: | **B272445** |
| Division: | 1 |
| Case Caption: | Moore et al. v. Bragg |
| Case Type: | CV |
| Filing Date: | 05/26/2016 |
| Completion Date: | |
| Oral Argument Date/Time: | |

### Cross Referenced Cases:

| | |
|---|---|
| B245559 | Moore v. Martin-Bragg et al. |
| B248160 | Moore v. Martin-Bragg |
| B254494 | Hills et al. v. J.P. Morgan Chase Bank |
| B260579 | Moore v. Martin-Bragg |
| B275627 | Moore v. Superior Court Los Angeles County |
| B282591 | Moore v. Superior Court of Los Angeles County **VEX** |

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy

© 2018 Judicial Council of California

*0081*

California Co... Case 2:22...Document 8...Filed 11/09/2...Page 13 of 2...Document cfm?dis...

Main Document     Page 13 of 20

# Appellate Courts Case Information



CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

2nd Appellate District

| Change court

*Court data last updated: 11/12/2018 11:52 AM*

## Docket (Register of Actions)

**Moore et al. v. Bragg**
**Division 1**
**Case Number B272445**

| Date | Description | Notes |
|------|-------------|-------|
| 05/25/2016 | Request filed to: | by Ivan Rene Moore to file new litigation by vexatious litigant |
| 05/27/2016 | Order filed. | Attorney for respondent is directed to file response to appellant's request to file new litigation, response due 20 days from the date of this order. |
| 05/31/2016 | Notice of appeal lodged/received. | notice of appeal filed 5/25/2016 by Ronald Hills and Ivan Rene Moore |
| 05/31/2016 | Order waiving filing fee. | only as to Ivan Rene Moore |
| 06/02/2016 | Civil case information statement filed. | |
| 06/16/2016 | Response filed: | by respondent |

*0082*

| 06/23/2016 | Order filed. | After reviewing Moore's application, this Court grants approval to the filing of Moore's notice of appeal, subject to two conditions. 1. In accordance with Code of Civil Procedure section 391.7, subdivision (b), Moore must first post with the clerk of the Superior Court a security bond in the amount of $25, 000.00. If the bond is not posted within 30 days of the filing of this order, this appeal will be dismissed with prejudice. 2. In accordance with California Rules of Court, Rule 10.1004(c)(4) and the internal rules of this appellate district, the Court assigns this appeal to Division One of the Second Appellate District and defers to Division One the right and obligation to determine the appealability of the issues Moore has set forth in his notice of appeal. |
| 06/23/2016 | Default notice sent-appellant notified per rule 8.100(c). | only as to Ronald Hills |
| 06/30/2016 | Motion filed. | by appellant Ivan Rene Moore to reconsider a portion of the June 23, 2016 order. |
| 07/07/2016 | Filing fee. | only as to Ronald Hills<br>check #6865 for $775 |
| 07/19/2016 | Substitution of attorneys filed for: | Attorney Susan E. Hargove subs in for Ivan Rene Moore |
| 07/25/2016 | Order filed. | The Court GRANTS the motion for reconsideration filed on June 30, 2016. Upon reconsideration the ruling stands. In all other respects, the motion is DENIED. |
| 09/08/2016 | Motion filed. | by aplt Moore for relief from CCP 391.7 because petitioner is represented by counsel. |
| 10/11/2016 | Order filed. | On 7-19-2016 appellant Moore filed a sub of attorney substituting Susan E. Hargrove as his attorney. The Court on its own motion now stays and places in abeyance the conditions of the court's order of 6-23-2016. Appellant may now proceed with this appeal without filing a security bond, as long as he is represented by counsel. (see order) |
| 09/12/2017 | Notice per rule 8.124 - with reporter's transcript. | It appearing that the appellant, now represented by counsel, is proceeding pursuant to CRC Rule 8.124 and will file an appendix and lodge the reporter's transcript, the appellant's opening brief and appendix are due within forty (40) days from this date. The reporter's transcript is to be lodged on the same date. |

| 10/20/2017 | Substitution of attorneys filed for: | Respondent substitutes in Felton T. Newell as counsel of record, replacing attorney Thomasina M. Reed. |
|---|---|---|
| 10/24/2017 | Granted - extension of time. | Appellant's opening brief. Due on 12/22/2017 By 60 Day(s) |
| 12/20/2017 | Filed document entitled: | Declaration of Susan Hargrove in support of appellant's request for an extension of time. |
| 01/08/2018 | Returned document for non-conformance. | Extension of time returned for failure to indicate the dates. |
| 01/10/2018 | Requested - extension of time | Appellant's opening brief. Requested for 02/26/2018 By 66 Day(s) |
| 01/10/2018 | Filed proof of service. | For extension of time by Moore. |
| 01/17/2018 | Granted - extension of time. | Appellant's opening brief. Due on 01/22/2018 By 31 Day(s) |
| 01/19/2018 | Requested - extension of time | Appellant's opening brief. Requested for 04/02/2018 By 70 Day(s) |
| 01/22/2018 | Granted - extension of time. | Appellant's opening brief. Due on 03/08/2018 By 45 Day(s) |
| 02/15/2018 | Change of address filed for: | atty Felton T. Newell |
| 02/16/2018 | Change of address filed for: | Felton Thomas Newell Jr old firm: The Newell Law Firm new firm: Glaser Weil Fink Howard Avchen & Shapiro LLP old address 1: 12777 W. Jefferson Street, new address 1: 10250 Constellation Blvd. old address 2: Suite 300 new address 2: 19th Floor old city: Playa Vista new city: Los Angeles old zip: 90066 new zip: 90067 old phone: (213) 394-2617 new phone: 310-553-3000 old fax: (213) 402-7187 new fax: 310-556-2920 old email: felton@thenewelllawfirm.com new email: fnewell@glaserweil.com |
| 03/20/2018 | Appellant notified re failure to timely file opening brief. | Both appellants. |

| | | |
|---|---|---|
| 03/23/2018 | Requested - extension of time | Appellant's opening brief. Requested for 05/02/2018 By 28 Day(s) |
| 04/02/2018 | Requested - extension of time | |
| 04/03/2018 | Granted - extension of time. | |
| 04/04/2018 | Granted - extension of time. | Appellant's opening brief. Due on 05/02/2018 By 28 Day(s) |
| | | NO FURTHER EXTENSIONS |
| 05/01/2018 | Substitution of attorneys filed for: | Appellant Ivan Renee Moore. |
| 05/03/2018 | Appellant's opening brief. | Plaintiff and Appellant: Ivan Rene Moore Pro Per NO FURTHER EXTENSIONS ****APPELLANT MOORE'S BRIEF IS STRICKEN, CORRECTED OPENING BRIEF GRANTED PERMISSION FOR FILING BY ORDER FILED JULY 3, 2018**** |
| 05/03/2018 | Telephone conversation with: | Ivan Renee Moore regarding lack of Certificate of Interested Persons or Entities. Notice of non-compliance mailed. |
| 05/07/2018 | Certificate of interested entities or persons filed by: | Appellant Ivan Renee Moore. |
| 05/08/2018 | Requested - extension of time | |
| 05/08/2018 | Granted - extension of time. | |
| 06/01/2018 | Returned document for non-conformance. | Request for extension of time to file RB is returned to respondent Martin-Bragg. Brief not due until AOB is filed by Ronald Hills. |
| 06/01/2018 | Request filed to: | by aplt Hills to file AOB in excess of word count. |
| 06/04/2018 | Received: | 7 vols RT; need notice of lodging |
| 06/04/2018 | Appellant's appendix filed. | 2 vols by aplt Moore |

*0085*

| 06/04/2018 | Voice Mail message for: | aplt Hill stating unable to process AOB filing. Need to have one complete "PDF" or a scan copy delivered to clerk's office Division One. |
|---|---|---|
| 06/04/2018 | Letter sent to: | Appellant Hill. The Court is unable to file the appellant's opening brief. Within 10 days from the date of this notice, appellant Hill is requested to submit to this court an unbound paper copy of the opening brief to this Court. [CRC rule 8.71(g)] See letter. |
| 06/04/2018 | Letter sent to: | appellants Moore and Hill requesting notice of lodging RT w/proof of service on opposing counsel. |
| 06/04/2018 | Received: | 1 vol appendix by appellant Hills; no copy of notice of appeal or judgment |
| 06/04/2018 | Letter sent to: | appellant Ronald Hills; Court unable to file appendix. Appellant directed to supplement appendix with copy of notice of appeal & judgment. |
| 06/04/2018 | Appellant's appendix filed. | 2 vols by appellant Moore |
| 06/06/2018 | Received: | unbound AOB for Hills |
| 06/06/2018 | Appellant's appendix filed. | 2 vol appellant Hills |
| 06/06/2018 | Filed document entitled: | Notice of Lodging RT by appellants 7 vols RT lodged by aplt Hills & Moore |
| 06/11/2018 | Appellant's opening brief. | Plaintiff and Appellant: Ronald Hills Pro Per **by permission** |
| 06/12/2018 | Returned document for non-conformance. | The corrected AOB received on June 6, 2018 is returned to appellant Ivan Moore. Document may be resubmitted to this court with an application/request for permission to file. Returned via US Mail |
| 06/22/2018 | Application filed to: | Appellant Moore's application to file corrected brief and request to file a brief in excess of 14, 000 words. |
| 06/22/2018 | Request for judicial notice filed. | Appellant Moore's request for judicial notice of the prior appellate record. |
| 07/03/2018 | Order filed. | Appellant Ivan Moore's Request and Application to File Corrected Opening Brief, filed June 20, 2018, is granted. (Order filed July 3, 2018) |

0096

| 07/03/2018 | Order filed. | Appellant Ivan Moore's Application for Permission to File Brief in Excess of 14, 000 Words, filed June 20, 2018, is granted. (Order filed July 3, 2018) |
| 07/03/2018 | Appellant's opening brief. | Plaintiff and Appellant: Ivan Rene Moore Pro Per ****CORRECTED OPENING BRIEF**** |
| 07/12/2018 | Requested - extension of time | Respondent's brief. Requested for 10/11/2018  By 70 Day(s) |
| 07/16/2018 | Request for judicial notice granted. | Appellants' June 20, 2018 request for judicial notice of the record on appeal of previous case B238772 is granted. |
| 07/23/2018 | Granted - extension of time. | Respondent's brief. Due on 10/01/2018  By 60 Day(s) |
| 09/21/2018 | Motion to dismiss filed (after record). | (Proposed Order included) |
| 09/26/2018 | Requested - extension of time | Respondent's brief. Requested for 10/31/2018  By 30 Day(s) |
| 09/27/2018 | Filed proof of service. | re motion to dismiss |
| 10/09/2018 | Opposition filed. | Appellant Moore's Opposition to Respondent's Motion to Dismiss, filed October 9, 2018. |
| 10/12/2018 | Opposition filed. | Respondent Hills' opposition to Respondent Bragg's motion to dismiss appeal, filed October 12, 2018. |
| 10/18/2018 | Granted - extension of time. | Respondent's brief. Due on 10/31/2018  By 30 Day(s) |
| 10/26/2018 | Order filed. | Having read and considered Respondent Kimberly Martin-Bragg's motion for dismissal filed September 21, 2018, Appellant Ivan Moore's opposition filed October 9, 2018, and Appellant Ronald Hill's opposition filed October 12, 2018, the Court hereby denies Respondent's motion. |
| 10/29/2018 | Requested - extension of time | Respondent's brief. Requested for 11/30/2018  By 30 Day(s) |

**Click here** to request automatic e-mail notifications about this case.

0087

# APPENDIX

# J

CD-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles Calfiornia 90019<br><br>TELEPHONE NO.: 323 932 9439   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)* Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 Horth Hill Street
CITY AND ZIP CODE: Los Angeles California 90012
BRANCH NAME: Central Branch

PLAINTIFF: Ivan Rene Moore

DEFENDANT: Kimberely Martin Bragg (aka) Kimberly Barbour

| WRIT OF POSSESSION   [✓] AFTER HEARING   [ ] EX PARTE | CASE NUMBER:<br>BC 480 013 |
|---|---|



TO THE SHERIFF OR ANY MARSHAL OF THE COUNTY OF  Los Angeles
YOU ARE DIRECTED:

1. To levy upon and retain in your custody, until released or sold (Code Civ. Proc., § 514.030), the following property or any part of it *(specify):*

   (See attachment 25 E) Per Court order Judge Rosenblatt Nov 8th 2013 turn property over to plaintiff Ivan Rene Moore. The Sheriff or Marshall of the County of Los Angeles shall use resonable forcible entry to enter into the private place listed below for the purpose of levying on the personal property subject to this Writ of Possession.

2. To enter the following private place or places to take possession of the above-described property or some part of it *(specify exact locations):*

   6150 Shenandoah Ave, Los Angeles Calif 90056
   6160 Shenandoah Ave, Los Angeles Calif 90056

3. To return this writ and the certificate of your proceedings within 30 days after levy and service, but in no event later than 60 days after issuance of this writ.

Dated: MAY 2 0 2021        SHERRI R. CARTER Clerk, by  T. HEATH , Deputy


(SEAL)

NOTICE TO DEFENDANT: The plaintiff has filed with the court a written undertaking, a copy of which is attached. You have the right to object to the plaintiff's undertaking on a ground specified in Code of Civil Procedure section 995.920 and in the manner provided in Code of Civil Procedure section 515.030 or to obtain redelivery of the property by filing a written undertaking of your own, in an amount equal to the plaintiff's undertaking or as determined by the court under Code of Civil Procedure sections 515.010 and 515.020. You also have other rights under Code of Civil Procedure sections 512.020–512.120.

If your property has been taken under an ex parte writ of possession, you may apply under Code of Civil Procedure section 512.020(b) for an order that the writ be quashed, any property levied on be released, and for other relief as provided in that section, including an award of damages for any loss sustained by you as a proximate result of the levy.

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CD-130 [Rev. January 1, 2006]

**WRIT OF POSSESSION**
(Claim and Delivery)

Code Civ. Proc., §§ 512.020–512.120
www.courtinfo.ca.gov

0089

1
2

**Attachment 25 E**
Judgement Order

3    **The Court grants Plaintiff IVAN RENE MOORE's request for return of**

4    **property and orders KIMBERLY MARTIN-BRAGG to return to IVAN**

5    **RENE MOORE'S clothing, shoes, kitchen equipment, personal property,**

6    **piano, SSLK console, masters, 71 Camaro, and personal legal documents**

7    **consistent with the evidence presented at trial.**

8

9    **This order provides that IVAN RENE MOORE is entitled to the return**

10   **of all of said property in KIMBERLY MARTIN-BRAGG'S possession or**

11   **control including that which is in storage.   KIMBERLY MARTIN-**

12   **BRAGG, her agents, and anyone acting on her behalf are ordered not to**

13   **sell, give away, damage or keep from IVAN RENE MOORE any of the**

14   **property that is ordered to be returned.   Kimber Martin-Bragg is**

15   **ordered to have the property returned to IVAN RENE MOORE**

16
17
18
19
20
21
22
23
24
25
26
27
28

# APPENDIX

# K

0091

CD-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles Calfiornia 90019<br><br>TELEPHONE NO.: 323 932 9439    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Pro Per | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 Horth Hill Street
CITY AND ZIP CODE: Los Angeles California 90012
BRANCH NAME: Central Branch

PLAINTIFF: Ivan Rene Moore

DEFENDANT: Kimberely Martin Bragg (aka) Kimberly Barbour

| WRIT OF POSSESSION  [✓] AFTER HEARING  [ ] EX PARTE | CASE NUMBER:<br>BC 480 013 |
|---|---|

TO THE SHERIFF OR ANY MARSHAL OF THE COUNTY OF  Los Angeles
YOU ARE DIRECTED:



1. To levy upon and retain in your custody, until released or sold (Code Civ. Proc., § 514.030), the following property or any part of it *(specify):*

    (See attachment 25 E) Per Court order Judge Rosenblatt Nov 8th 2013 turn property over to plaintiff Ivan Rene Moore. The Sheriff or Marshall of the County of Los Angeles shall use resonable forcible entry to enter into the private place listed below for the purpose of levying on the personal property subject to this Writ of Possession.

2. To enter the following private place or places to take possession of the above-described property or some part of it *(specify exact locations):*
    6150 Shenandoah Ave, Los Angeles Calif 90056
    6160 Shenandoah Ave, Los Angeles Calif 90056

3. To return this writ and the certificate of your proceedings within 30 days after levy and service, but in no event later than 60 days after issuance of this writ.

Dated: MAY 2 0 2021    SHERRI R. CARTER Clerk, by  T. HEATH , Deputy


(SEAL)

NOTICE TO DEFENDANT: The plaintiff has filed with the court a written undertaking, a copy of which is attached. You have the right to object to the plaintiff's undertaking on a ground specified in Code of Civil Procedure section 995.920 and in the manner provided in Code of Civil Procedure section 515.030 or to obtain redelivery of the property by filing a written undertaking of your own, in an amount equal to the plaintiff's undertaking or as determined by the court under Code of Civil Procedure sections 515.010 and 515.020. You also have other rights under Code of Civil Procedure sections 512.020–512.120.

If your property has been taken under an ex parte writ of possession, you may apply under Code of Civil Procedure section 512.020(b) for an order that the writ be quashed, any property levied on be released, and for other relief as provided in that section, including an award of damages for any loss sustained by you as a proximate result of the levy.

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CD-130 [Rev. January 1, 2006] | WRIT OF POSSESSION<br>(Claim and Delivery) | Code Civ. Proc., §§ 512.020–512.120<br>www.courtinfo.ca.gov |
|---|---|---|

0092

**Attachment 25 E**
Judgement Order

The Court grants Plaintiff IVAN RENE MOORE's request for return of property and orders KIMBERLY MARTIN-BRAGG to return to IVAN RENE MOORE'S clothing, shoes, kitchen equipment, personal property, piano, SSLK console, masters, 71 Camaro, and personal legal documents consistent with the evidence presented at trial.

This order provides that IVAN RENE MOORE is entitled to the return of all of said property in KIMBERLY MARTIN-BRAGG'S possession or control including that which is in storage. KIMBERLY MARTIN-BRAGG, her agents, and anyone acting on her behalf are ordered not to sell, give away, damage or keep from IVAN RENE MOORE any of the property that is ordered to be returned. Kimber Martin-Bragg is ordered to have the property returned to IVAN RENE MOORE

0093

# APPENDIX

# L

0094



# APPENDIX

# M



# APPENDIX

# N

0098



# APPENDIX

# O



# APPENDIX

# P

RULING
JUDGE DAVID J. COWAN
DEPARTMENT 1

| | |
|---|---|
| Date: | Tuesday, December 21, 2021 |
| Case Number: | BC480013 |
| Case Name: | *Ivan Renee Moore v. Kimberly Martin-Bragg* |
| Moving Party: | Kimberly Bragg |
| Responding Party: | Ivan Rene Moore |
| Ex Parte Application: | Recall Writ of Execution and Cancel Abstract of Judgment |

Ruling:    **The Application is GRANTED AS STATED HEREIN.
Enforcement of the Writ of Execution is stayed pending a final
determination of whether the Final Judgment was discharged
during Bragg's bankruptcy proceedings. The Application is
otherwise DENIED WITHOUT PREJUDICE.**

## BACKGROUND

On November 8, 2013, following a jury trial, the Court entered an interlocutory judgment

in favor of Ivan Renee Moore and against Kimberly Bragg for $3.15 million, finding Bragg liable

for conversion and trespass to chattels in taking Moore's personal property after an eviction. The

interlocutory judgment required Bragg to return certain property to Moore with reductions in the

damages Bragg must pay based on the property returned.

On May 23, 2016, the civil court entered a Final Judgment incorporating and superseding

the interlocutory judgment.

On September 28, 2016, Bragg filed for Chapter 7 bankruptcy.

On January 9, 2017, the bankruptcy court issued an order discharging Bragg's debts "under

11 U.S.C. [sec.] 727." (RFJN, Exh. 6.)[1]

---

[1] The Court grants Bragg's unopposed requests for judicial notice of several court filings and
orders, including orders of the. U.S. Bankruptcy Court for the Central District of California in
case no. 2:16-bk-22878-BR, Bragg's Chapter 7 bankruptcy proceeding.

1

0103

On September 27, 2021, Moore obtained a Writ of Execution for $3.15 million based on the Final Judgment.

On November 16, 2021, Moore obtained an abstract of judgment. (RFJN, Exh. 12.)

On November 24, 2021, Moore recorded the abstract of judgment, which "may constitute a lien against" 6150/6160 Shenandoah Avenue, Los Angeles, CA 90056. (RFJN, Exh. 13.)

On December 14, 2021, Kimberly Bragg filed an Ex Parte Application to Recall Writ of Execution and Cancel Abstract of Judgment.

On December 16, 2021, Ivan Renee Moore filed an Opposition to the Ex Parte Application.

## DISCUSSION

Bragg seeks to recall and cancel the Writ of Execution issued September 27, 2021 and abstract of judgment issued November 16, 2021 on the grounds that both are based on the Final Judgment purportedly discharged by the bankruptcy court on January 7, 2021. Bragg contends emergency relief is warranted because the cloud resulting from the recordation of the abstract of judgment will impact the refinancing of her home if not cleared. (See CCP sec. 697.310(a) ("Except as otherwise provided by statute, a judgment lien on real property is created under this section by recording an abstract of a money judgment with the county recorder.")) Bragg alleges her "loan cannot close" and she "will lose [her] rate lock and suffer substantial monetary damages" if the lien is not cleared "immediately." (Bragg Decl., para. 7.) Bragg also contends she is at immediate risk of invalid collection from Moore pursuant to the live Writ of Execution. Bragg alleges emergency relief is necessary to avoid losing her "rate lock" for her refinancing and to avoid collection under the Writ of Execution.

0104

Bragg has not established exigent circumstances with respect to her alleged refinancing. (CRC 3.1202(c) ("An applicant must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte.")) Bragg's Declaration is vague regarding the specific property at issue, the rate lock, the extent of monetary damages suffered if the rate is lost, or any other relevant details. Moreover, there is no supporting evidence showing that Bragg has a rate lock or that the rate lock is "immediately" threatened by the lien from the recordation of the abstract of judgment (e.g., a letter from the lender on this subject). Bragg has not made an affirmative factual showing of irreparable harm or immediate danger from the abstract of judgment. However, the risk of Moore levying on Bragg's assets under a potentially invalid Writ of Execution represents an immediate danger to Bragg. Thus, the Court reaches the merits of the Application with respect to the Writ of Execution.

On January 9, 2017, the bankruptcy court granted Bragg a "discharge under 11 U.S.C. [sec.] 727." (RFJN, Exh. 2; 11 U.S.C. sec. 727(b) (Except as provided in section 523 of this title, a discharge under . . . this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter...")) However, a "discharge under section 727 . . . does not discharge an individual debtor" from certain types of debts enumerated in 11 U.S.C. sec. 523(a). In particular, a discharge under section 727 does not discharge an individual debtor's debts "for willful and malicious injury by the debtor to another entity or to the property of another entity," among other exceptions. (11 U.S.C. sec. 523(a)(6).)

Following Bragg's discharge, Moore filed an adversary proceeding in bankruptcy court arguing that "the judgment in LASC case number BC480013 is NONDISCHARGEABLE DEBT PURSUANT TO 11 U.S.C. [sec.] 523(a)(2), (4), (6) and (11))." (RFJN, Exh. 6 (Adversary

3

0105

Proceeding Complaint, para. 78.)) The bankruptcy court "dismiss[ed] the adversary proceeding with prejudice due to [Moore's] failure to pay the sanctions" of $13,000 due under a sanctions order, without addressing Moore's arguments under Section 523. (RFJN, Exh. 6 (11/17/17 Order.))

Bragg's Ex Parte Application does not address Section 523(a) at any point. This argument is not new to Bragg and is reiterated in Moore's Opposition to the Application. Given that the Final Judgment followed a jury verdict finding Bragg liable for conversion and trespass to chattels in the amount of $3.15 million based on allegations that Bragg took Moore's property after evicting him, the Final Judgment may represent a debt for Bragg's "willful and malicious injury . . . to the property of another entity." (11 U.S.C. sec. 523(a)(6).) Bragg does not argue the dismissal of Moore's adversary proceeding constituted a determination that the Final Judgment was discharged. On the other hand, Judge Fujie found on December 1, 2021 that "the Money Judgment evidenced in the Final Judgment was itself discharged in Defendant's bankruptcy proceeding," indicating that the discharge may have encompassed Moore's judgment.

Bragg's Ex Parte Application provides insufficient grounds for Department 1 to determine on an ex parte basis that the bankruptcy court's January 9, 2017 order discharging Bragg's debts encompassed the Final Judgment (or its monetary component). There is no evidence that any judge has yet addressed whether the Final Judgment falls under Section 523(a)(6). However, the dismissal of Moore's adversary proceeding *with prejudice* and Judge Fujie's December 1, 2021 Order indicate the Final Judgment was indeed discharged. This critical issue goes to the validity of a $3.15 million judgment at the heart of this litigation and is much better-suited to determination by a fully noticed motion before Judge Fujie rather than an ex parte application before Department 1, particularly where Judge Fujie may already have some familiarity with the issue.

Finally, it is unclear what statutory mechanism or authority Bragg relies upon to seek cancellation or recall of the recorded Abstract of Judgment and resulting lien. (See CPP sec. 697.310, *et seq.* (statutory scheme for judgment liens on real property)) It is thus unclear from the Application that the Court can grant the requested relief with respect to the Abstract of Judgment and/or the lien.

Hence, the Court declines to now discharge, cancel, or recall the Abstract of Judgment and Writ of Execution. Instead, in order to maintain the status quo pending determination of this issue and to avert any immediate danger to Bragg from the Writ of Execution, the Court stays enforcement of the Writ of Execution pending further order. Moore is not permitted to levy on Bragg's assets pursuant to the Writ of Execution pending a final determination of whether the monetary component of the Final Judgment was discharged by the bankruptcy court. The Application is otherwise DENIED WITHOUT PREJUDICE.

# APPENDIX

# Q

1   IVAN RENE MOORE,
    1236 SOUTH REDONDO BLVD
2   LOS ANGELES, CA 90019
    (323) 932-9439

3   PETITIONER, IN PRO PER

4                                           FILED

                                          FEB 1 1 2022
5
                              CLERK U.S. BANKRUPTCY COURT
                              CENTRAL DISTRICT OF CALIFORNIA
6                             BY:          W/    Deputy Clerk

7                   UNITED STATES BANKRUPTCY COURT

8            FOR THE CENTRAL DISTRICT OF CALIFORNIA

                        LOS ANGELES DIVISION
9

10                              ) Case No.: 2:16-bk-22878-BR
    In re:  Kimberly Barbour,   )
11  (aka) Kimberley Martin-Bragg,  ) Chapter 7
                                )
12                              )  THIS CREDITOR MOORE -CREDITOR'S
                  Debtor.       ) SPECIAL APPEARANCE FOR MOTION
13                              ) TO DISQUALIFY JUDGE, BARRY
                                ) RUSSELL, PURSUANT TO 28 U.S. CODE §
14                              ) 144; 28 U.S. CODE § 455; MEMORANDUM
                                ) OF POINTS AND AUTHORITIES AND
15                              ) DECLARATION OF IVAN RENE MOORE
                                )
16                              ) Judge: B. Russell
17                              ) Date:
                                ) Room: 1669
18                              )
                                )
19                              )                    ORIGINAL
                                )
20

21  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

22          To all parties and to their attorneys of record herein, please take notice that this Creditor,

23  IVAN RENE MOORE will move this Court for an Order of Disqualification and or recusal of

24  Judge Barry Russell from this matter under the mandatory provisions of 28 U.S. CODE § 455;

25  28 U.S. CODE § 144; and Code of Conduct for United States Judge Cannons 1, 2, and 3.

1   This motion will also be based upon the attached Memorandum of Points and

2   Authorities, the Declaration/Affidavit of IVAN RENE MOORE, the exhibits attached, the

3   court's files and records and upon such other evidence as may be presented at the hearing in this

    matter.

4
        Wherein Judge Barry Russell in open court has made disparaging and condescending

5   remarks to the Creditor Moore to belittle, embarrass, harass, and annoy this Creditor Moore.

6   This Judge Russell has also used the prestige of the United States Bankruptcy Courts to assert

7   his insidious racial and personal animus and bias against this Creditor Moore a black male.

8

9       Judge Russell has made it clear that he will not and cannot act in a judicial fair and

    lawful manner. Judge Russell is in total violation of the United States Judge Cannons 1, 2, and
10
    3of handbook. Judge Russell has made it clear by his condescending and outlandish conduct he
11
    cannot and will not be impartial to this Creditor Moore.  Creditor Moore filed request for
12
    clarification on November 16th, 2018, docket (186), to ensure that this creditor was not in
13
    violation of any Bankruptcy rules and or rules of Court. **(Exhibit H)**

14

15      Judge Russell ignored, scoffed, and disregard this creditor's clarification request.  Now

16  based on Judge Russell's wilful misconduct to act unfair, bias and impartial.  Judge Russell

    granted this debtors motion to reopen an ill-fated bad faith bankruptcy based on a prior ruling in
17
    this creditor's favor which is nothing more than a motion to reconsideration by this Debtor to
18
    attempt to discharge a $3,150,000, judgement. This judgement was the result of a 15-day jury
19
    trial which was ratified by a Los Angeles Superior Court judge. And affirmed by the California
20  Court of Appeal Second District also non-dischargeable.

21

22      This debtor was found unanimously guilty of wilful malicious theft and harm of this

23  Creditor's and others personal property valued over $3,000,000. This unlawful conduct falls

    squarely in total violation of 11 U.S.C. 523 (a) (6) therefore non-dischargeable. Judge Russell is
24
    well aware of these facts yet he re-open this bankruptcy that has been closed for almost 2 years.
25
    This is to further harass and annoy this Creditor and threaten and deny this Creditor justice

    based on Judge Russell's insidious racial bias against black men and impartial conduct.

Page 2

0110

1   This Creditor Moore many times informed Judge Russell that this debtor Bragg was
2   unlawfully holding and hiding millions of dollars of this creditor's and other personal property.
3   Including hiding over $250,000 in cash belong to this creditor Moore. In direct violation of the
4   Bankruptcy rules. Also, on November 8th, 2013, Los Angeles Superior Court Judge Rosenblatt
    in a written order, ordered the Debtor Bragg to return all the subject property back to Moore.
5   This Debtor has been in wilful violation of that order for over 8 years, also during the pendency
6   of her various bankruptcy filings.

7

8   Again, based on Judge Russell's insidious racial bias against black men and impartial
9   conduct Judge Russell did nothing. Based on Judge Russell's bias he in fact supported and
10  embolden the debtor's Bragg unlawful conduct in the hiding of this creditor's and others assets
    valued in excess of $3,000,000. In direct violation of the Bankruptcy rules.
11

12  Several months ago, via a Writ of Execution issues by the Los Angeles Superior Court
13  the Creditor Moore was authorized and present when the Los Angeles Sheriff's Department
14  raided this Debtor's Braggs resident and found a large amount of this Creditor's Moore and
15  others personal property. The very same property that this debtor claimed under penalty of
16  perjury she had no knowledge or information of the whereabouts of the personal property.
    Notwithstanding this fraud and unlawful conduct. Judge Russell set an Order to show Cause
17  against the Creditor Moore. **(Exhibit J, K, L,M)**
18

19  This Debtor filed an Ex-parte Application in the Los Angeles Superior Court in
20  December 2021. The Supervising Judge inform this Debtor Bragg to refile a full notice motion
21  to address these issues. The Debtor ran to Judge Russell because the Debtor is well aware of
22  Judge Russell insidious racial bias and animus against any and all black men aggressively
23  protecting their property rights and personal rights under the law.
    Dated: February 10th, 2022
24
    Respectfully Submitted:
25

    Ivan Rene Moore
    The largest Creditor

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.      INTRODUCTION

Requests for disqualification are rarely appropriate, but this is the rare case where one is necessary. Judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned," (28 U.S. Code § 455(a)), including where they have any "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" (id. at § 455(b)(1)). What matters "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Indeed, the test for disqualification is an objective one. Id.

Here, in presiding over the matter pertaining Mr. Moore in this Bankruptcy case, Judge, Barry Russell disregarded and abandoned the Independence of his Office and lent the prestige of his Officer advance the private interest of the Debtor Kimberly Barbour, (aka) Kimberley Martin-Bragg.

Judge, Barry Russell's impartiality in that matter pertaining to Mr. Moore in this Bankruptcy case is reasonably be questioned and a reasonably person in the community will undoubtedly reach the conclusion that that Barry Russell, Judge of the United States Bankruptcy Court is biased against Mr. Moore and does not have the ability to be impartial.

Additionally, on or about February 7, 2022, Judge, Barry Russell acted as Attorney for Kimberly Barbour, (aka) Kimberley Martin-Bragg and on information and believe engaged in impermissible ex parte communication with Attorney representing Kimberly Barbour, (aka) Kimberley Martin-Bragg to execute an order to show cause without any evidence that Kimberly Barbour, (aka) Kimberley Martin-Bragg filed a proper notice of motion for Order to show cause in the instant case and no [proposed] Order was ever attached to the purported for Order to show cause yet, Judge, Barry Russell his signature to the frivolous Order to show cause.

O112

1      Most importantly, when Judge, Barry Russell affixed his signature to the Order to show

2 cause on February 7, 2022, he was aware of the state Court Order of December 21, 2022.

3 *(please see,* **Exhibit A).** On December 21, 2022, the California Superior Court **Supervising**

4 **Judge,** *Honorable Judge David J. Cowan, of Department 1,* correctly stated that:

> 5     There is no evidence that any judge has yet addressed whether the Final Judgment falls
> under falls under Section 523(a)(6). **(p. 4., ¶2,** *Honorable Judge David J. Cowan, of*
> 6 *Department 1* **December 21, 2021's Order attached herein as Plaintiff's Exhibit A, a**
> **true and correct copy of the State court Order of December 21, 2021.***).*
> 7

8     Moreover, when Judge, Barry Russell affixed his signature to the Order to show cause on

9 February 7, 2022, he was aware that Discharge under 11 U.S.C § 727 does not discharge an

10 individual Debtor debt "for willful and malicious injury by the debtor to another entity or to the

11 property of another entity. *(see.* 11 U.S.C § 523(a)(6).); and that he Judge, Barry Russell did not

12 discharge the of **$3.15 million** the money judgment. Further, the matter concerning the of $3.15

13 million money and property judgment was on Appeal by the Debtor Bragg/Barbour in the

14 California Second District Court of Appeals in case Moore v Bragg number B276366 pending

15 final adjudication.

16     Notwithstanding, Judge, Barry Russell ignored the clearly established Federal Law, and

17 because of his bias and prejudice and insidious racism against Mr. Moore, and Judge Barry

18 Russell inability to impartial in matter concerning Mr. Moore, Judge Barry Russell affixed his

19 signature to the document or Order drafted by Debtor's counsel and requested Mr. Moore to

20 appear to show cause when Judge Barry Russell knew there was no legal justification for such an

21 Order.

22

23     *Intentional and Malicious Injuries under 11 U.S.C § 523(a)(6).).*

24     On 7/29/ 2013, the State court Jury and Judge found Ms. Bragg liable in tort action to Mr.

25 Moore for intentional and malicious injuries. Specifically, the State Court Jury and Judge held

Ms. Bragg liable to Mr. Moore for Conversion, and awarded Mr. Moore **$2.5 million** in damages

1   and $650,000.00 in damages for lost profits for a total of **$3.15 million** for conversion (**See,**

2   **Exhibit B**).

3       Additionally, the State Court jury found Ms. Bragg liable to Mr. Moore for Trespass to

4   Chattel and awarded Mr. Moore **$2.5 million** in damages for trespass to chattel, and **$650,000.00**

5   in damages for lost profits for a total of **$3.15 million** for trespass to chattel (**See, Exhibit C**).

6   Accordingly, the total amount of the jury award for Ms. Bragg's inattentional and malicious

7   injuries to Mr. Moore and to the property of Mr. Moore and others was **$6,300,000.00.  (6.3**

8   **million dollars).**

9       Subsequently, on November 8, 2013, Hon. Judge Michelle Rosenblatt who presided over

10  case reduced the jury award to **$3.15 million** for the intentional and malicious injuries to Mr.

11  Moore and to the Property of Mr. Moore and others caused by Ms. Bragg by way of

12  interlocutory judgment. On May 23, 2016, the Court entered a final Judgment incorporating and

13  superseding the Interlocutory Judgment.

14

15      On 07/22/2016, Ms. Bragg filed an Appeal in the Court of Appeal for the State of

16  California, Second Appellate District, Division Five, challenging the Judgment in BC480013 to

17  wit Ms. Bragg caused intentional and malicious injuries to Mr. Moore. **(Exhibit D).**

18      While the Appeal was pending, on September 28, 2016, Defendant, Kimberly Martin-

19  Bragg aka Kimberly Barbour filed the instant Chapter 7 Bankruptcy.

20      On January 9, 2017, the Bankruptcy Judge issued an Order discharging Kimberly

21  Martin-Bragg's debt under 11 U.S.C § 727 and notice duly sent to all of Kimberly Martin-

22  Bragg's consumer creditors. **(Exhibit E).**

23      On March 10, 2017, pursuant to 11 U.S.C. § 554 and Local Bankruptcy rule 6007-1, Mr.

24  Brad D. Krasnoff, the United States Trustee abandoned all Trustee's rights, Title, and interest in

25  real property located at 6150 Shenandoah Avenue, Los Angeles, California 90056 and 6160

Shenandoah Avenue, Los Angeles, California 90056. **(Exhibit F).**

On 9/8/17, the California Second Appellate Court of Appeal rendered a discission adverse to Ms. Bragg and Affirmed the Final Judgement from the state Trial Court in Court of Appeal case #: B276366. (**Please See, Exhibit G**).

In an abundance of caution on November 16th, 2018, Creditor Moore filed a motion requesting for clarification of the Bankruptcy court Order regarding the Judgement and Order of Los Angeles Superior Court Judge Hon. Michelle Rosenblatt in the amount of $3.15 Million Dollars. (**Please See, Exhibit H**)

This obligation arising out of willful and Malicious intentional Tort of Trespass to Chattel and Conversion of personal property in Los Angeles Superior Court against the Debtor Kimberly Martin-Bragg in case number BC480013 which was pending Appeal in the California Court of Appeals of California, Second Appellate District, Division One in case number B272445.

On September 27, 2021, Mr. Moore obtained a Writ of Execution for the $3.15 million based on the final Judgement to which the Ms. Bragg committed Intentional and malicious injuries to Mr. Moore and to the Property of Mr. Moore and others.

On November 16, 2021, Mr. Moore obtained an Abstract of Judgment and recorded the abstract judgment on November 24, 2021, which constitute a Lien against 6150 and 6160 Shenandoah Avenue, Los Angeles, CA 90056 which Defendant claims are her real properties.

On December 14, 2021, judgment debtor, Kimberly Martin-Bragg aka Kimberly Barbour ("Ms. Bragg") filed an ex parte application to recall the lawfully executed Writ of Execution and to cancel the lawful executed Abstract judgment.

- On December 16, 2021, Mr. Moore filed an Opposition to the Ex parte Application.

- On December 21, 2021, Hon. Judge David J. Cowen of the California Superior Court, Los Angeles, issued an Order Staying the enforcement of the Writ of Execution pending a final determination of whether the monetary component of the Final Judgment was discharge by the bankruptcy court. (**Please See Exhibit A).**

Rather than seek final determination of whether the monetary component of the Final Judgment was discharge by the bankruptcy court under 11 U.S.C. § 523, Ms. Bragg and her Attorney Mr. Steven A. Schuman's SBN #: 142834, defiled the Lawful Order of Hon. the California Superior Court **Supervising Judge,** *Honorable Judge David J. Cowan, of Department 1,* and instead filed this frivolous Motion for an Order to Show Cause why Ivan Rene Moore should not be held in contempt for his willful violation of the Discharge injunction under 11 U.S.C. § 524(a).

Title 28, U.S.C., Section 455(a) states: Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. In the present case, Judge, Barry Russell impartiality is substantially and materially questioned. The basic requirement of constitutional due process is a fair and impartial tribunal. Judge, Barry Russell is not a fair and impartial tribunal in the matter concerning Mr. Moore. After engaging in ex parte communication, with Debtor's Counsels, Judge, Barry Russell ratified the frivolous order to show cause and refused to rule on Mr. Moore's Motion for Clarification filed that Mr. Moore filed on November 16, 2018. **(Dkt. 186). (See, Exhibit H)**

Mr. Moore's Motion sought for Clarification sought to clarified whether Judge, Barry Russell attempted to discharge the **$3.15 million Money that is secured under** 11 U.S.C § 523(a)(6).) But, because of Judge, Barry Russell's bias, prejudice, inability to be impartial in the matter concerning Mr. Moore and because of insidious racism toward Mr. Moore, Judge, Barry Russell ignored Mr. Moore's Motion for Clarification.

Page 8

0116

1        When Creditor Moore in open Court requested a ruling and or clarification. Judge, Barry

2  Russell stated to creditor **"Mr. Moore you can read? My order did not state that the**

3  **discharge was under 11 U.S.C 523 (a) (6) and the ruling speaks for itself"**.

4        Bias or prejudice on the part of a judge may exhibit itself prior to the trial by acts or

5  statements on his or her part. Or it may appear during the trial by reason of the actions of the

6  judge in the conduct of the trial. If it is known to exist before the trial it furnishes the basis for

7  disqualification of the judge to conduct the trial. Section 144, Title 28, U.S. Code. *Knapp v.*

8  *Kinsey,* 232 F.2d 458, (6th Cir. 1956), at 465. Rehearing denied 235 F.2d 129, cert. denied 352

9  U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86. (Bold emphasis added).

10        Furthermore, United States Supreme Court held that Disqualification of a judge is required

11  if an objective observer would entertain reasonable questions about the Judge's impartiality. If a

12  Judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial

13  hearing is unlikely, the judge must be disqualified. [Emphasis added]. *Liteky v. U.S.*, 114 S.Ct.

14  1147, 1162 (1994).

15

16        The test to be applied in evaluating recusal and disqualification of judges was clearly stated

17  in *Berger v. United States,* 255 U.S. 22: Does the [Declaration] of Prejudice give fair support to

18  the charge of bent of mind that may prevent or impede impartiality, of judgment (225 U.S.).

19        In the present case, there is undoubtedly a bent of mind that prevents or impedes

20  impartiality which mandates the disqualification Judge, Barry Russell from any matter concerning

21  Mr. Moore.

22        The U.S. Constitution recognizes that human beings have "certain inalienable rights" to

23  which they are entitled which arise as a matter of natural right. The most important of these rights

24  are called "Fundamental Rights." Fundamental Rights are rights that are so "implicit in the concept

25  of ordered liberty" that "neither liberty nor justice would exist if they were sacrificed." *See Palko*

    *v. Connecticut*, 302 U.S. 319, 325, 326, 58 S. Ct. 149, 152, 82 L. Ed. 288 (1937); *McKinney v.*

1  *Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc). Further, the Supreme Court has recognized

2  that fundamental rights include those guaranteed by the Bill of Rights as well as certain liberty,

3  associational and privacy interests implicit in the due process clause and the penumbra of

4  constitutional rights. See *Glucksberg*, 521 U.S. at 720, 117 S. Ct. at 2267; *Paul v. Davis*, 424 U.S.

5  693, 712-13, 96 S. Ct. 1155, 1166, 47 L. Ed. 2d 405 (1976). These special "liberty" interests

6  include "the rights to property and the right to due process clause, right to access the court for

7  redress of grievances and the right to impartial judicial officer. [T]he right of access to the courts

8  is a fundamental right protected by the Constitution." *Delew v. Wagner*,143 F.3d 1219, 1222 (9th

9  Cir. 1998).

10      In the present case, Judge, Barry Russell not only exhibited insidious racism, and racial

11  prejudice, bias, and lack of impartiality against black men, Judge, Barry Russell lent the prestige

12  of his office to advance the private interest of one Kimberly Martin-Bragg aka Kimberly Barbour.

13

14      Furthermore, Courts have repeatedly held that positive proof of the partiality of a judge is

15  not a requirement, only the appearance of partiality. *See, Liljeberg v. Health Services Acquisition*

16  *Corp.*, 486 U.S. 847, 108 S.Ct. 2194 (1988).   What matters is not the reality of bias or prejudice

17  but its appearance); *United States v. Balistrieri*, 779 F.2d 1191 (7th Cir. 1985).

18      Furthermore, the Supreme Court has ruled and has reaffirmed the principle that "justice

19  must satisfy the appearance of justice", *Levine v. United States*, 362 U.S. 610, (1960), citing *Offutt*

20  *v. United States*, 348 U.S. 11, 14, (1954).   In the instant case Judge Barry Russell's conduct does

21  not satisfy the appearance of justice; rather, it depicts the appearance of bias, prejudice, and lack

22  of impartiality which has caused Mr. Moore Constitutional injuries.

23      No man in this Country is so high that he is above the law.  No officer of the law may set

24  that law at defiance with impunity.  All the officers of the government from the highest to the

25  lowest, are creatures of the law, and are bound to obey it. *United States v. Lee*, 106 U.S. 196, 220

1 S, Ct. 240, 27 L.Ed. 171 (1882).

01(8

By the conduct so alleged herein, Judge, Barry Russell has acted in contravention clearly established federal law and in contravention of Mr. Moore's 5th Amendment right to due process. Further, the law is that, Bankruptcy Court Judge must swear an oath to uphold the Constitution of the United States. Judge, Barry Russell's conduct in the matter concerning Mr. Moore in this case irrefutably wars against the United States Constitution and has so far caused Mr. Moore Constitutional injuries and Mr. Moore's Civil Rights and his fundamental rights to access the court.

Judge, Barry Russell's conduct in this proceeding as well as his disparaging and legally unjustifiable comments, intimidation, and treating Mr. Moore harshly and differently when parties were similarly situated, will undoubtedly lead a reasonable prudent person or a person of ordinary sensibility to conclude that Judge, Barry Russell, is bias, and incapable of being impartial, as such, Judge, Barry Russell must be disqualified from presiding over the matter concerning Mr. Moore forthwith.

Accordingly, Justice cries out for Barry Russell, a Judge of the United States Bankruptcy Court to forever be disqualified from presiding over any matter concerning Mr. Moore in order to preserved Mr. Moore's rights under clearly established federal law and Mr. Moore Civil Rights.

## 1. THIS COURT LACKS JURISDICTION ON THIS SUBJECT MATTER

On these issues this court itself ordered that the subject matter of the Conversion and Trespass found by the jury in Moore vs. Martin-Bragg, Los Angeles Superior Court Case Number BC 480013, and appealed by Bragg to the California Court of Appeal Case No. B276366 was a matter for the State Court as this Bankruptcy court stated in open Court.

This court has chosen now to ignore this and in doing so is displaying its malice and animus for Mr. Moore. The discharge was on January 9th, 2017, during the pendency of the debtor' Bragg's appeal.

1   The Court of Appeals upheld for Mr. Moore on September 9th, 2017, Bragg did not

2   appeal this any higher and there now remains a judgment in the amount of $3,150,000

3   outstanding in favor of Mr. Moore and owing by the Debtor Bragg. **(See Exhibit G)**

4   Also, during a relief from stay motion Judge Russell granted the relief from stay motion

5   regarding the very same case and personal property. On January 18th, 2017, transcript page 6

6   line of proceedings, this Court also stated in open court that:

7   " **THE COURT:** The motion is quite clear. It's personal, the personal property. That's what it

8   is. I'm not going to -- you're a bright guy. You can read, and so you know what the property is.

9   That's what the motion deals with. It's as if, as far as that property is concerned, whatever stay

10  there was is lifted. **And you can fight it out to your heart's content, but not in this Court. It**

11  **will be elsewhere." (See Exhibit I)**

12

13  This court has no jurisdiction upon this Judgment.  Therefore Mr. Moore appears

14  specially to contest jurisdiction. This court has displayed a continued bias for Kimberly Martin-

15  Bragg("Bragg")  This Debtor stole property valued in the millions of dollars. This Debtor has

16  been found to be a converter and a trespasser by a civil jury and affirmed by a Los Angeles

17  Superior Court Judge Rosenblatt. The jury found specifically that Bragg intentionally

18  committed the immoral tort of conversion and trespass to chattel and awarded Mr. Moore over

19  $5,650,000.00.

20  The California Court of Appeals affirmed for Mr. Moore as this court well knows.  This

21  court has chosen now to ignore this and in doing so is displaying its continued malice and

22  animus against this creditor Mr. Moore for asserting his personal and property rights.

23  This debt cannot be discharged in bankruptcy, as this court well knows. To discharge this

24  immoral intentional theft debt would be tantamount to allowing a thief to keep all the items valued

25  in the millions of dollars that Bragg stole, then to allow her to discharge the award the jury found

    she owed.

Page 12

0/20

1    In order to harm Mr. Moore and show its bias for Bragg, this court fined Mr. Moore and

2    dismissed his action against Bragg for Moore's failure to pay Bragg $13,000. While Bragg owned

3    this Creditor Moore over $3,150,000 and also was unlawfully holding Creditor's Moore $370,000

4    in cash.

5    There was no trial on the merits and not one round of discovery was permitted.   These

6    are the hallmarks of a denial of due process and a prejudice displayed against Mr. Moore.

7    It was the same prejudice this court has displayed to Mr. Moore repeatedly that dismissed

8    the action and that imposed sanctions. While the Debtor Bragg unlawfully kept millions of dollars

9    Mr. Moore was in bankruptcy at the time because of the actions of Bragg, and her failure for over

10   eight years to pay the award the jury imposed at the conversion trespass trial.

11   Not only were Bragg's actions found to be intentional, but they were designed to deprive

12   Mr. Moore from earning a living.  The jury found that Bragg's actions from February 2012 to

13   July 2013 cost Mr. Moore $1,300,000 in loss of earnings.  He has been without this property since

14   2012.

15

16   To allow Bragg to discharge this debt would be a slap in the face this court would display

17   a total disregard to the sanctity of the California State Court and Jury.  It would nullify a fifteen-

18   day trial by jury. Again, the jury found unanimously that Bragg intentional converted and

19   trespassed upon the property of Mr. Moore and others.

20   There was an order for her and her attorneys and assigns to return this property to Moore

21   signed by Judge Michelle Rosenblatt on November 8, 2013.  Bragg has been in violation of this

22   order since then. This court chose to ignore this and show its bias for Bragg.

23        //

24        //

25        //

**ON JULY 7TH 2021 BASED ON A WRIT OF EXECUTION THE LOS ANGELES SHERIFF'S DEPARTMENT CONDUCTED A RAID/LEVY ON THE DEBTOR'S BRAGG'S RESIDENTS AND FOUND MOORES AND OTHERS PERSONAL PROPERTY.**

The Debtor Bragg stated under the penalty of perjury for years she Bragg had any personally knowledge and or information regarding the whereabouts of the personal property valued in the millions of dollars.

On July 7th, 2021, there was a Raid/Levy by the Los Angeles County Sheriff's Department on Bragg's so called residence which will help prove to this court that Bragg has been lying to this court and many other Courts and Judicial officers.

Mr. Moore will show this court that Bragg has perpetrated a fraud upon this court and many others. This proof will take the form of Bragg's Declarations under penalty of perjury which contradict themselves. This proof will take the form of Bragg's own filings in this court which fail to tell the truth. **(See Exhibit J, K, L, M)**

What are the court's duties when a Creditor Moore has alleged fraud of this specificity, defrauding the court, and defrauding the United States of America, defrauding the State of California.

**IV.**

**LEGAL STANDARD FOR DISQUALIFICATION**

**28 USC 144**

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

0122

1   The affidavit shall state the facts and the reasons for the belief that bias or prejudice

2   exists, and shall be filed not less than ten days before the beginning of the term at which the

3   proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A

4   party may file only one such affidavit in any case. It shall be accompanied by a certificate of

5   counsel of record stating that it is made in good faith."

6       In *Caperton v. A.T. Massey Coal Co.*, 129 S. Ct. 2252 (2009), Justice Kennedy said

7   recusal can be effected even if not ordered by the disqualified judge in order to accord due

8   process and its appearance.

9       "The neutrality requirement helps to guarantee that life, liberty, or property will not be

10  taken on the basis of an erroneous or distorted conception of the facts or the law." Marshall v

11  Jerrico Inc., 446 US 238, 242( 1980).

12

13      The above is applicable to this court by application of Article VI of the United States

14  Constitution and in particular, under Stone v Powell, 428 US 465, (1976).  This Creditor Moore

15  submits his good faith declaration attached to this motion

16                                          V.

17      **LEGAL STANDARD FOR MANDATORY DISQUALIFICATION STATUTE**

18      28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge

19      (a) Any justice, judge, or magistrate judge of the United States *shall*

20      *disqualify himself* in any proceeding in which his impartiality might reasonably be

21  questioned. (emphasis added)

22

23      (b) He shall also disqualify himself in the following circumstances:

24      *(1) Where he has a personal bias or prejudice concerning a party, or personal*

25  *knowledge of disputed evidentiary facts concerning the proceeding;* (emphasis added)

1      (2) Where in private practice he served as lawyer in the matter in controversy, or a

2 lawyer with whom he previously practiced law served during such association as a lawyer

3 concerning the matter, or the judge or such lawyer has been a material witness concerning it;

4      (3) Where he has served in governmental employment and in such capacity participated

5 as counsel, adviser or material witness concerning the proceeding or expressed an opinion

6 concerning the merits of the particular case in controversy;

7      (emphasis added)

8      (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing

9 in his household, has a financial interest in the subject matter in controversy or in a party to the

10 proceeding, or any other interest that could be substantially affected by the outcome of the

11 proceeding;

12

13      (5) He or his spouse, or a person within the third degree of relationship to either of them,

14 or the spouse of such a person:

15      (i) Is a party to the proceeding, or an officer, director, or trustee of a party:

16      (ii) Is acting as a lawyer in the proceeding;

17      (iii) Is known by the judge to have an interest that could be substantially affected by the

18 outcome of the proceeding;

19

20      (iv) Is to the judge's knowledge likely to be a material witness in the proceeding. (

21 emphasis added)

22      //

23      //

24      //

25

0124

VI

## THIS COURT HAS JURISDICTION TO ACT WHEN A FRAUD IS
## PERPETRATED BEFORE IT AND HAS NOT ACTED

"The bankruptcy court may also hear those matters that neither arise under, nor arise in,

title 11, but are "related to" a case under title 11. The "related to" jurisdiction of the bankruptcy

courts "'is very broad, including nearly every matter directly or indirectly related to the

bankruptcy.'" 28 U.S.C. § 157(c)(1); see also Stern v. Marshall, 564 U.S. 462, 474 (2011)

(quoting 28 U.S.C. §157(a));  Wilshire Courtyard, 729 F.3d at 1287 (quoting Sasson v. Sokoloff

(In re Sasson), 424 F.3d 864, 868 (9th Cir. 2005)). "

This court also quoted the 9th Circuit case

"The Ninth Circuit Bankruptcy Appellate Panel (BAP) has applied the test for

determining "related to" jurisdiction, established by the Ninth Circuit, in the context of a

chapter 7 adversary proceeding:

[T]he test is whether ... the outcome of the proceeding could conceivably have any effect

on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be

against the debtor or against the debtor's property. An action is related to bankruptcy if the

outcome could alter the debtor's rights, liabilities, options, or freedom of action (either

positively or negatively) and which in any way impacts upon the handling and administration of

the bankrupt estate. Holcomb, 2018 WL 1976526, at *5 (quoting Pegasus Gold, 394 F.3d at

1193).

The non-judicial defendants conduct is so intertwined with the debtor's conduct.  They

all have conspired to criminally take property.  All of their conduct depends upon the

cooperation and combination of each other.  This court is certainly aware of the schemes used

by these non-judicial defendants to steal properties.  It was a national tragedy just as this court

characterized it in the Memorandum in a footnote. " The Great Recession is "a period of

0125

1   marked global economic decline beginning in December of 2007." Blodgett v. Shelter Mortg.

2   Co., LLC, 2013 WL 495501, at *18 (D. Ariz. Feb. 8, 2013) (citing In re Fannie Mae 2008

3   Securities Litigation, 742 F.Supp.2d 382, 391 (S.D.N.Y. 2010)).

4        To steal a property, it took the combination and cooperation, lies, fraudulent papers,

5   fraudulently signed documents, documents recorded which were not genuine, and courts willing

6   to allow this. Then these same documents were filed with the courts, as Creditor Moore has

7   consistently complained. When the courts do not even investigate, allow discovery, hold a

8   hearing, and ignore Creditor Moore s claims, they are complicit. This court had a duty to refer

9   this to investigators and others. For its failure to do this, this court is acting outside their oath

10  and pledge, acting without judicial immunity. They are acting as co-conspirators. Normally

11  judges do not fix dockets, omit defendants, and or fail to have clerical errors if they are clerical

12  corrected. This conduct is a part of a conspiracy to allow banks and Bragg and her agents to

13  steal properties.

14

15                                      **VII.**

16        **COURT'S RESPONSIBILITY FOR DEALING WITH ALLEGED FRAUD**
                                   **UPON THE COURT**
17  Nearly all of the principles that govern a claim of fraud on the court come from the Hazel-Atlas

18  Glass Co. v. Hartford- Empire Co. 322 U.S. 238 (1944).

19
    While parties have the right to file a motion requesting the court to set aside a judgment
20
    procured by fraud, the court may also proceed on its own motion.   Universal Oil Prods. Co. v.
21
    Root Refining Co., 328 U.S. 575 (1946).
22

23        Indeed, one court stated that the facts that had come to its attention "not only justify the

24  inquiry but impose upon us the duty to make it, even if no party to the original cause should be

25  willing to cooperate, to the end that the records of the court might be purged of fraud, if any

    should be found to exist."

1   Unlike just about every other remedy or claim existing under the rules of civil procedure or

2   common law, there is no time limit on setting aside a judgment obtained by fraud, nor can

3   laches bar consideration of the matter.

4           The logic is clear: "[T]he law favors discovery and correction of corruption of the

5   judicial process even more than it requires an end to lawsuits."  The United States Supreme

6   Court—in a case a few years after the *Hazel- Atlas* case—discussed some of the appropriate

7   procedures used in adjudicating fraud on the court claims.

8       The power to unearth such a fraud is the power to unearth it effectively. Accordingly, a

9   federal court may bring before it by appropriate means all those who may be affected by the

10  outcome of its investigation. But if the rights of parties are to be adjudicated in such an

11  investigation, the usual safeguards of adversary proceedings must be observed.  Lockwood v.

12  Bowles, 46 F.R.D. 625, 634 (D.D.C. 1969).;  *Universal Oil*, 328 U.S. at 580.  Aoude v. Mobil

13  Oil Corp., 892 F.2d 1115, 1118 (1st Cir. 1989) (emphasis added) (citing Alexander v.

14  Robertson, 882 F.2d 421, 424 (9th Cir. 1989)); Pfizer Inc. v. Int'l Rectifier Corp., 538 F.2d 180,

15

16  195 (8th Cir. 1976); England v. Doyle, 281 F.2d 304, 309 (9th Cir. 1960); United Bus.

17  Commc'ns, Inc. v. Racal-Milgo, Inc., 591 F. Supp. 1172, 1186–87 (D. Kan. 1984); United

18  States v. ITT Corp., 349 F. Supp. 22, 29 (D. Conn. 1972), *aff'd mem.*, 410 U.S. 919 (1973).

19          This Court has an obligation to investigate the fraud upon the court allegations made by the

20  Creditor Moore .  When a fraud on the court is shown through clear and convincing evidence to

21  have been committed in an ongoing case, the trial judge has the inherent power to take action in

22  response to the fraudulent conduct.  This court will not allow nor give Creditor Moore  one

23  opportunity to present any evidence or any witnesses to proffer her allegations.

24  The judge has *broad discretion to fashion a judicial response* warranted by the fraudulent

25  conduct. Dismissal of claims or of an entire action may be warranted by the fraud, as may be the

entry of a default judgment.

Page19

1  Rockdale Mgmt. Co. v. Shawmut Bank, N.A., 638 N.E.2d 29, 31 (Mass. 1994)  Root

2  Refining Co. v. Universal Oil Prods. Co., 169 F.2d 514, 534–35 (3d Cir. 1948) (stating that

3  "[t]he records of the courts must be purged and the judgments in Universal's favor, both in this

4  court and in the District Court, Universal must be finally dismissed. No principle is better

5  settled than the maxim that he who comes into equity must come with clean hands and keep

6  them clean throughout the course of the litigation, and that if he violates this rule, he must be

7  denied all relief whatever may have been the merits of his claim").

8  A court cannot do equity if it does not investigate the alleged fraud. This Court must reconsider

9  its any dismissal of the defendants who committed the fraud, and must ask itself why it has not

10 investigated any of the fraud.

11

12                                            **VIII.**

13

14    **VI.  THERE IS NO JUDICIAL IMMUNITY FOR THESE ACTS**

15       How can this court find the judges immune when this court has not allowed any

16 discovery, or done any investigation?

17       While a judge may not be held civilly accountable under §1983, a judge is still subject to

18 criminal prosecution as are other citizens. Dennis v. Sparks, 449 U.S. 24, 66 L.Ed.2d 185, 101

19 S.Ct. 183 (1980).

20       In Stump v. Sparkman, 435 U.S. 349 (1978)  the Supreme Court found that the

21 *necessary inquiry* determining whether a defendant judge is immune from suit is whether at the

22 time the judge took the challenged action he or she had jurisdiction over the subject matter.

23 (emphasis added) Has this Court made any necessary inquiry?

24

25 There simply is no jurisdiction to violate civil right.  A robe does not provide immunity simply

because the judge takes the bench.

# IX

## DISMISSING THIS ACTION WITHOUT ANY INVESTIGATION AND NOTICE AND OPPORTUNITY TO BE MEANINGFULLY HEARD DENIED THIS CREDITOR MOORE CONSTITUTIONAL RIGHTS; DISPLAYING ITS BIAS

### A. ONGOING DENIAL OF DUE PROCESS UNDER THIS COURT

This Creditor Moore alleged in his complaint that defendant lied under oath, forged documents or created other types of deceptive evidence, and destroyed or hide relevant evidence. He alleged that the conduct is intentional and designed to subvert the truth-seeking function of the judicial process, and is still ongoing because the recordings on her property are false and the defendants know they are false, how they are false, and have not corrected them to date.

While there is no definitive list of the "required procedures" that due process requires, Judge Henry Friendly generated a list that remains highly influential, as to both content and relative priority:

An unbiased tribunal.

Notice of the proposed action and the grounds asserted for it.

Opportunity to present reasons why the proposed action should not be taken.

The right to present evidence, including the right to call witnesses.

The right to know opposing evidence.

The right to cross-examine adverse witnesses.

A decision based exclusively on the evidence presented.

Opportunity to be represented by counsel.

Requirement that the tribunal prepare a record of the evidence presented. Requirement that the tribunal prepare written findings of fact and reasons for its decision.

Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Thus, the required elements of due process are those that "minimize substantively unfair or mistaken deprivations" by enabling persons to contest the basis upon which a state proposes to deprive them of protected interests. The core of these requirements is notice and a hearing before an impartial tribunal. Due process may also require an opportunity for confrontation and cross-examination, and for discovery. Carey v. Piphus, 435 U.S. 247, 259 (1978). "[P]rocedural due process rules are shaped by the risk of error inherent in the truth-finding process as applied to the generality of cases." Mathews v. Eldridge, 424 U.S. 319, 344 (1976). This Creditor was denied due process by the District Court and the Ninth Circuit.

Petitioner's complaint alleged the fraud Bragg committed which has now been uncovered by the Los Angeles County Sheriff. Due Process requires an impartial tribunal, which Petitioner did not have. Impartial decisionmaker is an essential right in civil proceedings as well. Goldberg v. Kelly, 397 U.S. 254, 271 (1970).

"The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. . . . At the same time, it preserves both the appearance and reality of fairness . . . by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him." Marshall v. Jerrico, 446 U.S. 238, 242 (1980); Schweiker v. McClure, 456 U.S. 188, 195 (1982) There can be no doubt that when a litigant advises the court of fraud upon the court, and fraud perpetrated by the court, the court has a duty to look into this, and not ignore it. To ignore it deprives the This Creditor Moore of an impartial arbiter, and deprives the This Creditor Moore of due process.

0130

1       This Creditor Moore  was denied discovery in this case also.  This Court has never

2   directly confronted this issue as to whether the denial of discovery violates due process, but in

3   one case it did observe in dictum that "where governmental action seriously injures an

4   individual, and the reasonableness of the action depends on fact findings, the evidence used to

5   prove the Government's case must be disclosed to the individual so that he has an opportunity

6   to show that it is untrue."  Greene v. McElroy, 360 U.S. 474, 496 (1959), quoted with approval

7   in Goldberg v. Kelly, 397 U.S. 254, 270 (1970).

8   **B. DENIAL OF FREE AND UNBIASED ACCESS TO COURTS**

9       This Creditor Moore has been denied the right of access to the court for redress of

10  grievances.  First Amendment, includes the right to "petition the government for a redress of

11  grievances," and under the Fifth and Fourteenth Amendments, guarantees "due process of law."

12  The "right of access to the courts is a fundamental right.

13      The filing of a lawsuit carries significant constitutional protections, implicating the First

14  Amendment right to petition the government

15

16  for redress of grievances, and the right of access to courts."); Ryland v. Shapiro, 708 F.2d 967,

17  971-72 (5th Cir. 1983) (noting three constitutional sources of the right of court access privileges

18  and immunities, due process, and the right to petition); Acevedo v. Surles, 778 F.Supp. 179, 184

19  (S.D.N.Y. 1991) (' The right of access to the courts is guaranteed by the FirstAmendment right

20  to petition the government for the redress of grievances.");

21      Pacific Gas & Electric Co. v. Bear Stems & Co., 791 P.2d 587, 596 (Cal. 1990) (en

22  banc)(holding that the tort of malicious interference with contract cannot derive from filing of a

23  civil suit and noting that the court previously had "been guided by the constitutional right to

24  petition for relief of grievances in interpreting the reach of the tort of malicious prosecution");

25  Protect Our Mountain Env't, Inc. v. District Court for County of Jefferson, 677 P.2d 1361, 1365

013c

1   (Col.1984) (en banc) ("[he right to petition the government for redress of grievances

2   necessarily includes the right of access to the courts. Were it otherwise, the right to petition

3   would have little significance in the constitutional scheme of things.); King v. Levin, 540

4   N.E.2d 492 (fl1.

5   App. 1989) (applying California Motor Transport  and its First Amendment immunity to limit

6   tort of interference with economic advantage); The right to petition is a constitutional doctrine

7   and that "the Court's extension of the right to petition to adjudicatory bodies in California Motor

8   Transport was clearly correct');

9          Jacobs, supra  note 96, at 293 n.52 (1973) ("It may seem surprising to equate the right of

10  petition with resort to the judiciary, but the right had its origins in appeals to Parliament sitting

11  26 GA. L. REV.  901, 934 (1992) ("[T]he Supreme Court has long held that the First

12  Amendment right to petition prohibits punishing persons who pursue legitimate litigation for

13  an apparently improper purpose."); Waldman, supra  note 4, at 968 (noting that "[t]he right too

14  obtain a remedy and to access the courts for assistance has its genesis in the First Amendment"

15  but relying principally on group litigation cases such as Button); Note, First Amendment Right

16  ofAccess, supra  note 38, at 1059 ("In a tripartite system of government, any meaningful right

17  to petition must extend to the judiciary."); Note, Suits Against the Government, supra  note 12

18  (arguing that suits against the government are protected under the Petition Clause).118 See, e.g.,

19  Monsky v. Moraghan, 127 F.3d 243, 246 (2d Cir. 1997). This creditor will lose this right if this

20  court does not investigate these claims.

21  //

22  //

23  //

24

25

# X.

## CONCLUSION

For the reasons stated, this court is disqualified under both 28 US 144 and 455. This court must and should recuse itself from this matter. The duty of the court to investigate these matters is clear. If the Court cannot or will not do this then it becomes either a barrier for this Creditor Moore to realize legal rights, and outright denial of due process, and or is complicit in these crimes. If that is to be then withdraw and or recusal is mandated by statue and law and fairness under the law.

Respectfully submitted

DATED: February 10th , 2022


IVAN RENE MOORE

Creditor in Pro Se

## DECLARATION/AFFIDAVIT OF IVAN RENE MOORE
## BY SPECIAL APPEARANCE ONLY

I, IVAN RENE MOORE declare as follows:

1. I am the This Creditor Moore herein, and have personal knowledge of the of the following.

2. I make this motion by special appearance, and I Object to any jurisdiction this court may believe it has in this action. This motion for disqualification has merit and is based upon both old information new information and my search for justice under equity.

3. Despite the fact that I have carefully alleged Bragg's fraud and fraudulent behavior this Court has not believed my allegations nor considered them as true.

4. This court has not held a hearing on my allegations, and I was not permitted to make an offer of proof of this type of fraud.

5. This Judge Russell has been extremely disparaging asking me in open court if I could read.

6. This Judge Russell has been extremely disparaging stating " you look like a bright guy" the persons in the courtroom starting laughing.

This has deprived me of any real due process, has displayed bias for Bragg and prejudice against me, and denied me equal protection and any meaningful right to redress and petition.

7. This Court has a duty to investigate these allegations, allow for discovery or allow for a hearing with evidence and witnesses, based on the fraudulent conduct.

8. I have detailed the inaction, bias, prejudice and disregard of her rights to be heard, redress , due process and equal protection ignored by the judicial defendants. This Creditor Moore does not believe these defendants are immune.

9. The continued inaction of this court defines the bias and prejudices shown to this Creditor Moore. The disregard is obvious, and this court must recuse itself under the mandatory provisions of the statutes and under equity. This court simply cannot be fair, because it will not take one small look into any one of the tens of allegations of fraud. Just take one small look.

10. My complaint alleges enough information to find serious violations of Constitutional rights and my California Constitutional rights; to cause this court to report the conduct of the

0134

attorneys for defendants; and the debtor to the US Department of Justice for the fraud they continue to perpetrate.

11.  I have filed a motion for disqualification in good faith because any reasonable observer would find this court to have committed the bias and unethical conduct as I have tolerated. This court has shown its bias by waiting for months to provide its rulings and not using the time to inquire as to the serious criminal conduct.  I request an in-court hearing.

12.  It is not only unjust and an abuse of discretion to fail to investigate my case in whole, but it is unethical immoral and defies equity and fairness.

13. The exhibits attached to this motion are true and correct copies to the original.

14. The pictures attached were personally taken by me and are true and correct copies of the original pictures.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called to testify in a court of law, I would testify to same.

Dated: February 10th, 2022

IVAN RENE MOORE

0135

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1236 Redondo Blvd Los Angeles, California 90019

A true and correct copy of the foregoing document entitled (*specify*): THIS CREDITOR MOORE -CREDITOR '
MOORE -CREDITOR ' S SPECIAL APPEARANCE FOR MOTION TO DISQUALIFY ; MEMORANDUM OF POINTS
JUDGE, BARRY RUSSELL, PURSUANT TO 28 U.S. CODE § 144; 28 U.S. CODE § 455; MEMORANDUM OF POINTS
AND AUTHORITIES AND DECLARATION/AFFIDAVIT OF IVAN RENE MOORE
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _02/11/2022_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

02/11/2022     Devra Allen
_____          X_____
*Date*          *Printed Name*          *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*          **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| 1 | Joe & Helen Easton Invest C/O Rene Moore<br>1236 Redondo Blvd | JP Morgan Chase Bank<br>700 Kansas Lane |
| 2 | Los Angeles, CA 90019-1546 | Monroe , LA 71203-4774 |
| 3 | Kara Financial<br>C/O Rene Moore | Kimberly Barbour<br>6150 Shenandoah Avenue |
| 4 | 1236 Redondo Blvd<br>Los Angeles, CA 90019-1546 | Los Angeles, CA 90056-2021 |
| 5 | | |
| 6 | LADWP<br>c/o National Recovery Agency | Law Offices of Thomasina Reed<br>5777 W. Century Blvd., Suite 1125 |
| 7 | 2491 Paxton Street<br>Harrisburg, PA 17111-1036 | Los Angeles, California 90045-5637 |
| 8 | Lee T Dicker<br>Leonard Dicker & Schreiber LLP | Loren Chaney  c/o Ivan Rene Moore<br>1236 Redondo Blvd. |
| 9 | 9430 Olympic Blvd<br>Beverly Hills, CA 90212-4552 | Los Angeles, California 90019-1546 |
| 10 | | |
| 11 | Los Angeles Police Credit Union<br>16150 Sherman Way | Peter Baer c/o Nussbaum APC<br>27489 Agoura Rd, Suite 102 |
| 12 | Van Nuys, California 91406-3956 | Agoura Hills, California 91301-2481 |
| 13 | Peter M Lively<br>The Law Offices of Peter M Lively<br>11268 Washington Blvd Ste 203 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| 14 | Culver City, CA 90230-4647 | |
| 15 | Pro Value Properties, Inc. c/o Nussbaum<br>27489 Agoura Rd, Suite 102 | Pro Value Properties, Inc.<br>5737 Kanan Road, Suite 487 |
| 16 | Agoura Hills, California 91301-2481 | Agoura Hills , California 91301-1601 |
| 17 | Pro Value Propeties, Inc.<br>5737 Kanan Road, Suite 487 | Radio Multi Media Investments c/o Ivan R<br>1236 Redondo Blvd. |
| 18 | Agoura Hills, California 91301-1601 | Los Angeles, California 90019-1546 |
| 19 | Rene & Angela c/o Ivan Rene Moore<br>1236 Redondo Blvd. | Rene Moore Music c/o Ivan Rene Moore<br>1236 Redondo Blvd. |
| 20 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 21 | Rick Wilson c/o Ivan Rene Moore<br>1236 Redondo Blvd. | Ronald Hills c/o Ivan Rene Moore<br>1236 Redondo Blvd. |
| 22 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 23 | Rufftown Entertainment Group c/o Ivan Re<br>1236 Redondo Blvd. | Sam Essens c/o Ivan Rene Moore<br>1236 Redondo Blvd. |
| 24 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 25 | Samayack/New Frontier c/o Ivan Rene Moor<br>1236 Redondo Blvd. | South Central Distribution c/o Ivan Rene<br>1236 Redondo Blvd. |
| 26 | Los Angeles, California 90019-1546 | Los Angeles, California 90019-1546 |
| 27 | Stone Busailah, LLP, Attn: Michael Willi<br>200 East Del Mar Boulevard, Suite 350 | Strategic Acquisitions, Inc., et al c/o<br>27489 Agoura Rd., Suite 102 |
| 28 | Pasadena, California 91105-2564 | Agoura Hills, California 91301-2481 |

1  Suti Music c/o Ivan Rene Moore
   1236 Redondo Blvd.
2  Los Angeles, California 90019-1546

3  The Moore Family Trust c/o Ivan Rene Moo
   1236 Redondo Blvd.
4  Los Angeles, California 90019-1546

5  United Broadcasting Group C/O Rene Moore
   1236 Redondo Blvd
6  Los Angeles, CA 90019-1546

7  Vann Johnson c/o Ivan Rene Moore
   1236 Redondo Blvd.
8  Los Angeles, California 90019-1546

9

10  Wells Fargo Bank
    P.O. Box 25341
11  Santa Ana, California 92799-5341

12
    WELLS FARGO, N.A.
13  c/o Joshua K. Partington
    ASSAYAG MAUSS, LLP
14  2915 Redhill Avenue, Suite 200
    Costa Mesa, CA 92626-7978
15
    WRPRJ Investment Group
16  C/O Rene Moore
    1236 Redondo Blvd
17  Los Angeles. Ca 90019-1546

18

19

20

21

22

23

24

25

26

27

28

The Estate of IMA Moore c/o Ivan Rene Mo
1236 Redondo Blvd.
Los Angeles, California 90019-1546

The Moore Family Trust c/o Rene Moore
1236 Redondo Blvd
Los Angeles, CA 90019-1546

V.J. Chandran c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

Wells Fargo Bank
c/o Michele Sabo Assayag
Assayag Mauss
2915 Redhill Ave Ste 200
Costa Mesa CA 92626-5916

WELLS FARGO BANK, N.A.
c/o ASSAYAG MAUSS, LLP
2915 Redhill Ave., Ste. 200
Costa Mesa, CA 92626-5916

West Viking Studios c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

0138

16  Alamode Music c/o Ivan Rene Moore
    1236 Redondo Blvd.
17  Los Angeles, California 90019-1546

American InfoSource LP as agent for
T Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK  73124-8848

18
    Central South Distributions
19  1236 Redondo Blvd
    Los Angeles, CA 90019-1546

Chase
P.O. Box 78420
Phoenix, Arizona 85062-8420

20
    Citibank
21  Post Office Box 6004
    Sioux Falls, South Dakota 57117-6004

Deutsche Bank National Trust Company
700 Kansas Lane
Monroe, Arizona 71203-4774

22
    Greenberg & Bass, LLP
23  16000 Ventura Blvd
    Encino, California 91436-2762

GS Electronics c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

24
    Internal Revenue Service
25  300 N. Los Angeles ST  STOP 5022
    Los Angeles, CA 90012-3478

IRM Productions c/o Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019-1546

26
    Ivan Rene Moore
27  1236 Redondo Blvd
    Los Angeles, CA 90019-1546

Ivan Rene Moore
1236 Redondo Blvd
Los Angeles, California 90019-1546

28

SNELL & WILMER
600 Anton Blvd. Suite 1400
Costa Mesa California 92626
Attn: Joshua Partington Esq.
Attorney For
Wells Fargo, Assets Reliance, Craig Hanson, Edward Testo

Ronald Hills
1236 Redondo Boulevard
Los Angeles, CA  90019

# APPENDIX

# R

0140

```
 1                UNITED STATES BANKRUPTCY COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                        --oOo--

 4  In Re:                    ) Case No. 2:16-bk-22878-BR
                              )
 5  KIMBERLY BARBOUR,         ) Chapter 7
                              )
 6        Debtor.             ) Los Angeles, California
    _____) Tuesday, August 2, 2022
 7                              10:00 a.m.

 8                              HRG. RE MOTION FOR PRE-FILING
                                ORDER, INJUNCTIVE RELIEF AND
 9                              DESIGNATION OF CREDITOR IVAN
                                RENE MOORE AS A VEXATIOUS
10                              LITIGANT

11               TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE BARRY RUSSELL
12             UNITED STATES BANKRUPTCY JUDGE

13  APPEARANCES:

14  For the Debtor:           ILYA B. VOLK, ESQ.
                              Law Office of Peter M. Lively
15                            11268 Washington Boulevard
                              Suite 203
16                            Culver City, California 90230
                              (310) 391-2400
17

18  For Creditor Ivan Rene    IVAN RENE MOORE, IN PRO PER
      Moore:                  1236 Redondo Boulevard
19                            Los Angeles, California 90019
                              (323) 932-9439
20

21  Court Recorder:           Wanda Toliver
                              United States Bankruptcy Court
22                            Edward R. Roybal Federal
                                Building
23                            255 East Temple Street
                              Los Angeles, California 90012
24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

ii



1   Transcriber:                    Briggs Reporting Company, Inc.
                                    9711 Cactus Street
2                                   Suite B
                                    Lakeside, California 92040
3                                   (310) 410-4151

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

0182

1

1    LOS ANGELES, CALIFORNIA  TUESDAY, AUGUST 2, 2022 10:00 AM

2                          --oOo--

3    (Call to order of the Court.)

4                THE COURT:  Number 11, Kimberly Barbour.  Please

5    unmute yourself by pressing star six and make an appearance.

6    Thank you.

7                MR. VOLK (via Zoom):  Good morning, your Honor.

8    Ilya Volk, Law Office of Peter Lively, on behalf of Kimberly

9    Barbour.

10               THE COURT:  Okay, Mr. Volk.

11               MR. MOORE (via Zoom):  Good morning, your Honor.

12   Ivan Rene Moore, creditor.

13               THE COURT:  Okay.  The only matter on the calendar

14   is the motion of Debtor to declare Mr. Moore a vexatious

15   litigant.  Is that correct, Mr. Volk?

16               MR. VOLK:  That's correct, your Honor.

17               THE COURT:  And, Mr. Moore, you understand that as

18   well?

19               MR. MOORE:  I do.

20               THE COURT:  Okay.  And I've read -- you both filed

21   extensive briefs.  I've read them, and I assume you both

22   would like to argue the matter.  So, I'll give total each of

23   you a maximum, as I do at appellate hearings, of 15 minutes.

24               So, Mr. Volk, it's your motion.  You'll have --

25   you might to reserve, because I usually advise people when I

*Briggs Reporting Company, Inc.*

0143

2

1  was on the Bankruptcy Appellate Panel, that you want to

2  reserve five minutes.  I would suggest you do it, but it's

3  up to you, but you'll have a total of 15 minutes.

4          And then, Mr. Moore, you'll have up to 15 minutes.

5  And if reserve some time, Mr. Volk, you'll reply, and then

6  of course I'll make my ruling.

7          So, Mr. Volk --

8          MR. MOORE:  Yeah.  I have no question.  Was there

9  an opposition filed to my opposition or a reply to my

10 opposition, because I didn't receive it.

11         THE COURT:  Mr. Volk?

12         MR. VOLK:  No, your Honor.  There wasn't a --

13         MR. MOORE:  Okay.

14         MR. VOLK:  -- reply filed.

15         THE COURT:  I didn't think so, but it's a good

16 question, Mr. Moore.

17         So, Mr. Volk, it's -- you have up to 15 minutes.

18 I guess you will want to reserve a few minutes.

19         MR. VOLK:  Yes, your Honor, I would like to

20 reserve five minutes for rebuttal at the end, please.

21         THE COURT:  Okay.

22         MR. VOLK:  So, we're here today seeking a pre-

23 filing order against Mr. Moore to have him declared a

24 vexatious litigant and requiring him to seek leave of the

25 Court prior to initiating any additional litigation against

3

1 her, Debtor, her spouse, her agents or her attorneys in this

2 case.

3        Mr. Moore has a extensive history of litigation

4 with the Debtor.  This began many years ago after a failed

5 domestic partnership relationship.  Many state court --

6 throughout the years they fought out in state court.  That

7 was taken to bankruptcy court through various appellate

8 courts to -- regard to the matters.

9        THE COURT:  So you're -- (indiscernible) Mr. Volk,

10 so you can -- you might want to get more to -- I know the

11 history of the case.

12        MR. VOLK:  Yes, your Honor.  Well, the -- in order

13 to look at whether Mr. Moore should be declared a vexatious

14 litigant, the Court has laid out several factors that need

15 to be looked at.

16        His -- the history of the litigation, in

17 particular, whether he's -- litigation is harassing or

18 duplicative.  His motives in pursuing the litigation.

19 Whether he's represented by counsel.  Whether he has caused

20 unnecessary expense to the Debtor, and whether other

21 sanctions would be adequate to protect our client from his

22 actions.  And based on the briefing that we've provided, we

23 believe that this case meets all of the factors.

24        There is an extensive history of litigation

25 between Mr. Moore and Ms. Barbour.  Mr. Moore has continued

*Briggs Reporting Company, Inc.*

0145

4

1   to file duplicative claims against the estate, including

2   three adversary proceedings challenging the dischargeability

3   of his judgment against Ms. Barbour.

4          He has a history of pursuing the litigation

5   despite there not being a good-faith basis for it.  The most

6   recent adversary proceedings he filed were filed well after

7   the bankruptcy case was closed, well after the deadline for

8   the adversary proceedings to be brought, and well after this

9   Court had dismissed his claims with prejudice for failure to

10  comply with the court sanctions.

11         Mr. Moore has never been represented by counsel in

12  any of these matters, so he has been given a lot of leeway

13  as a pro se plaintiff, but despite that, we do believe that

14  his actions are just meant to harass the Debtor in this

15  situation.

16         He's also caused unnecessary expense by continuing

17  to file motions that are frivolous in nature.  Our client

18  has incurred over $200,000 in legal fees of fighting him in

19  state court, district court, bankruptcy court and the

20  various appellate courts that have brought up the matters.

21         And in all this time that we've been challenging

22  Mr. Moore since the bankruptcy case was filed, he hasn't

23  prevailed on any of his claims.  He has only seemed to

24  repeat all of his claims after they've been shot down by

25  this Court.  And the few times that Mr. Moore has been

5

1   sanctioned in this matter for violating judicial process, he

2   has refused to pay the sanctions.

3          So, no other remedies are really available in this

4   case to protect our client, other than to have him declared

5   a vexatious litigant and to keep him from filing these types

6   of frivolous actions in the future, or at least to have to

7   seek court permission before doing so in the future.

8          Based on that, you know, we believe that sanctions

9   alone won't deter him, and that this motion is necessary in

10  order to -- in order for our client to enjoy the discharge

11  that she obtained so many years ago.

12         THE COURT:  Okay.  Well, you have five -- you've

13  actually used four minutes of your time, so you'll have 11

14  minutes, if you choose to use it in response to whatever Mr.

15  Moore says.

16         Mr. Moore.

17         MR. MOORE:  Yes.  Thank you, your Honor.  First

18  and foremost, I object to this rule and hearing based upon

19  the multiple violations of the judicial conduct exhibited by

20  this Court, Judge Russell.  And Judge Russell, from the

21  creditor's position, lacks jurisdiction regarding this

22  matter.

23         The Debtor's attorney is far afield when he makes

24  a statement that mister -- that I have never prevailed.  I

25  prevailed in the state court action.  I prevailed in

0147

6

1  multiple state court actions where they found that this

2  Debtor was a liar, a crook and a thief.  And based upon

3  those findings of the jury, that was ratified by the judge,

4  and also affirmed by the California Court of Appeal --

5          THE COURT:  That was in this Court you hadn't

6  prevailed.  I believe that's what you said, Mr. Yolk.  But

7  why don't you, Mr. Moore.  You're quite correct of what the

8  record is in the state court, but why don't you continue.

9          MR. MOORE:  Okay.  Thank you.

10         And based upon the creditor's -- my position, this

11 motion was nothing more than a setup of this Court to harm

12 this creditor based upon its bias against this creditor.  I

13 mean, if you can remember, this whole idea of this motion

14 was proffered by this Court, asking the Debtor's attorney

15 why didn't they file -- or why don't they file this motion.

16 And as a result --

17         THE COURT:  Well, Mr. Moore --

18         MR. MOORE:  Excuse me, sir.  Please don't

19 interrupt me.  I don't interrupt you.  I have 15 minutes.

20 Will -- hello?  I have 15 minutes.  I would like to be able

21 to use my 15 minutes as I deem necessary.  And I find it --

22 here again, it's your bias, and you're -- you are

23 interrupting my --

24         THE COURT:  Continue, Mr. Moore.

25         MR. MOORE:  I'm sorry.  You cut off.

0148

7

1          THE COURT:  Mr. Moore, please continue.

2          MR. MOORE:  Thank you, your Honor.

3          This -- again, as I was saying, this motion was

4  hinted and requested and initiated by this Court after Judge

5  Russell on several occasions and during several hearings

6  suggested to this Debtor and her attorney that this motion

7  should be filed.

8          It's the creditor's position that this Court used

9  the prestige of his office and gave legal advice to this

10  Debtor and her attorney to file this baseless, frivolous

11  motion to harm the creditor.

12          The conduct of the Court is clear.  The oath of

13  office and the judicial ethics violation of this judicial

14  officer is clear.  The Court has to be fair and honest and

15  impartial, and a matter of fact, Canon number two says, a

16  judge should avoid the improprieties and appearances of

17  improper in all activities.  And number 10 and three says, a

18  judge should perform his duties of his office fairly,

19  impartially and diligently.

20          I respectfully submit that this Court gave legal

21  advice regarding the filing of this motion over and over

22  again, and has reasonable -- any reasonable person would

23  conclude that this Court is unfair and bias.  This

24  creditor's position is that this motion is in bad faith and

25  a complete waste of time.

8

1          Another factor that this Court must look at is
2    that this Court does not have any jurisdiction over this
3    creditor.  There are no issues of controversy before this
4    Court and there is no pending issues, therefore, this Court
5    cannot rule on this motion.
6          Any decision that this Court would make would be
7    in fact an adversary opinion.  This motion is late, baseless
8    and -- and, I'm sorry, and an anticipatory motion when
9    certain issues will be remanded based upon the appeal filed
10   by this creditor.
11         The Supreme Court has ruled, and I quote, "it has
12   been long settled that the federal court has no authority to
13   give opinions upon moot questions."  The case that's cited
14   is Church of Scientology of California v. United States 506
15   U.S. 9, 12.
16         The further -- the Supreme Court further state an
17   actual controversy must exist not only at the time of the
18   complaint is filed, but through all stages of the complaint.
19   And there are other cases that cite it.
20         The Debtor puts a lot of faith in the case Malesky
21   and Sefar (phonetic).  This case is where a person had filed
22   400 complaints based upon a handicap that this person had.
23   Again, this Debtor cannot meet the elements.  The issue
24   regarding the personal property and the legal documents that
25   were unlawfully in the possession of the Debtor caused the

0150

9

1  most recent adversary complaints to be filed.

2          This Court is well aware that the Los Angeles

3  Sheriff Department, based upon a writ of execution from the

4  Los Angeles Superior Court, raided the Debtor's residence.

5  The Los Angeles Sheriff Department found personal property

6  and legal documents in the possession and control of this

7  Debtor, which included cars, motorcycles, legal documents

8  and a large cache of other personal property.

9          This was irrefutable proof and evidence that this

10 Debtor was lying, and that the Debtor and her attorney had

11 committed bankruptcy fraud and fraud upon the court.

12         Remember, this Debtor stated under oath that she

13 had no knowledge of the location of the whereabouts of the

14 property, along with her attorneys.  And that all the

15 property was in fact collected by Wells Fargo.  That was a

16 complete falsity because the property was at her residence

17 on June -- July 7th, 2020 -- 2021.  So, based upon that

18 alone caused those adversary   complaints to be filed.

19         Remember again, this Debtor said she had no

20 knowledge of the whereabouts of the property, when at all

21 times the property was in fact in her possession.

22         This Debtor and her attorney are in willful

23 violation of a lawful court order.  Judge Rosenblatt stated

24 in her order that Kimberly Martin Bragg, and I quote:

25              "Her agents or anyone acting on her

0151

10

1    behalf are ordered not to sell, give

2    away, damage or keep from Ivan Rene

3    Moore any of the property that was

4    ordered to be returned."

5    Now, we're not talking about this $3.1 million

6  judgment, we're talking about personal property that I used

7  in my daily work to maintain a living.  That I was stopped

8  from being able to work and earn a living because of these

9  conduct of file -- of this frivolous bankruptcy, as well as

10 other factors.  And it's most ironic that I was sanctioned

11 by this Court for failure to produce documents that were in

12 fact in the possession of this Debtor.

13    So, this Court knew that Judge Rosenblatt had

14 issued an order to return the property.  This Court knew by

15 the conduct of this Debtor based upon the sheriff raid, that

16 this Debtor had the property in her possession.

17 Notwithstanding this unrefutable information, this Court

18 embraced and supported this fraud upon the court and

19 bankruptcy fraud of this Debtor and her attorney.

20    The issue also regarding this Mr. Schumann

21 (phonetic) and his client had in fact committed bankruptcy

22 fraud.  The State Bar rules about a lawyer, it says a lawyer

23 shall not unlawfully obstruct another party's access to

24 evidence, unlawfully order, alter, destroy or conceal

25 documents or other material having potential evidentiary

0182

11

1  value.  A lawyer shall not counsel or assist another person

2  in any of the such mentioned acts.

3       And it is clear that this lawyer, along with his

4  client, was hiding this documentation from the Court while

5  they were asking the Court to sanction me as a creditor for

6  failure to produce.  That is bankruptcy fraud and it's fraud

7  upon the court.  And this was done in order to justify a

8  discharge based upon this bankruptcy fraud.

9       The fraud and fraud upon the court is clear.  And

10 this attorney and this Debtor have the audacity to file this

11 frivolous motion, notwithstanding that the documentation and

12 the information was in fact in the Debtor's possession and

13 control, to give a false light to this Court regarding the

14 facts about document production and this whole entire

15 judgment.

16      This Court is well aware that Judge Ernest Robles

17 found before this Court when she filed this frivolous

18 bankruptcy, that this Debtor and her attorney was attempting

19 to have the court overrule the state court.  And what Judge

20 Robles said is, however, it is not the court's province as a

21 federal bankruptcy court to usurp the role of the state

22 court.

23      The court -- the state court has its separate

24 duties, notwithstanding all of these factors, and Mr. Moore,

25 myself, trying to get his and his parent's property that

0655

12

1  they have owned over many years.  This bankruptcy was filed

2  and this Court is taking the position that Mr. Moore is

3  violating or being vexatious by attempting to get his

4  property that was ordered and affirmed by the California

5  Court of Appeal.

6          Based upon that information that I provided, I'm

7  going to save whatever remaining time that I have for

8  rebuttal.

9          THE COURT:  No, you -- Mr. Moore, I don't think

10 you heard what I said before.  That the Plaintiff, the

11 Movant goes first, then you go, and then he goes.  You don't

12 -- you can't reserve any time.  If you want to continue, you

13 have five minutes to go, you may, but you -- that's the

14 order, when the Movant goes, your opposition to the Movant,

15 and so forth.

16         So you still have five minutes to go, so it's up

17 to you if you want to stop, or you want to use your

18 remaining five minutes.

19         MR. MOORE:  Okay.  I'll use my remaining time,

20 five minutes.

21         THE COURT:  Okay.

22         MR. MOORE:  This is a case, again, where the state

23 court has found that this Debtor has been -- has lied and

24 has not been forthright with the state court.  This Court

25 should also remember when this all litigation started, this

0154

13

1  Debtor filed an unlawful detainer action that was reversed
2  by the California, again, Court of Appeal, for her failure
3  to produce documents, for her failure to produce information
4  to justify a unlawful detainer action.
5           And when she lost the untainer -- the unlawful
6  detainer action and it was reversed, she immediately
7  dismissed the unlawful detainer action, which caused other
8  problems in this litigation.  And it's -- the ironic part,
9  and I'll close, that this Court has never in the five or six
10 years we've been before this Court, ever asked this Debtor
11 why didn't she return the property that was ordered.
12          This Court is well aware that a debtor has to be
13 in compliance with all court orders.  And this Debtor, from
14 the time that she filed the bankruptcy with Judge Robles to
15 today, is not in compliance with the order.
16          As it relates to vexatious, this is not a
17 vexatious situation.  This is a creditor implementing his
18 right to retain property valued in millions of dollars by
19 the Los Angeles Superior Court judge, and affirmed by the
20 California Court of Appeals.  And with that, I submit.
21          THE COURT:  All right.  Thank you, Mr. Moore.
22          Mr. Volk, do you have --
23          MR. VOLK:  Yes, your Honor, just very briefly.  I
24 don't think I need all of the remaining time.
25          Mr. Moore's response to the motion is just a good

14

1  demonstration of exactly why we brought it.  Instead of

2  spending time arguing the merits of whether he should be

3  declared a vexatious litigant, which he has been by the way

4  declared a vexatious litigant in both state court and

5  district court, he spent the majority of the time arguing

6  tangential matters which have no bearing on the matter

7  today.

8          And, also, you know, showing, you know, disrespect

9  for the Court by raising baseless claims that your Honor is

10 -- had ex-parte communications with counsel requesting this

11 motion, or that your Honor has never provided him a fair

12 opportunity to present his case.

13         At every aspect Mr. Moore, when he does not

14 receive the relief he wishes to receive, he attacks the

15 Debtor's counsel, he attacks the judges.  He has done this

16 in the state court.  He's now doing this in the bankruptcy

17 court.  It is a history of his conduct, which needs to be

18 taken into account when determining how the Court can

19 protect our client from future baseless allegations and

20 actions brought by Mr. Moore.

21         Based on all of these actions, we believe that the

22 vexatious litigant order is the only way that the -- our

23 client can be provided some form of relief, and save her

24 from having to expend hundreds of thousands of dollars of

25 additional attorney fees in fighting these baseless claims.

15

1          Based on that, we submit on the rest of the facts,

2    your Honor.  Thank you.

3          THE COURT:  Well, thank you, Mr. Volk.  And thank

4    you, Mr. Moore.

5          I just want to make it clear, even though we're

6    not physically in court, the same rules apply.  I'm not

7    going to hear -- I'm going to make a ruling now.  I'm not

8    going to hear any further statements by Mr. Volk unless I

9    ask, and Mr. Moore.

10         You understand that, Mr. Volk?

11         MR. VOLK:  Yes, your Honor.

12         THE COURT:  You understand that, Mr. Moore?

13         MR. MOORE:  I do.

14         THE COURT:  All right.  I am going to, I am going

15   to grant this motion.  There are a number of things that I

16   will respond to, that I don't need to, but as far as the

17   unwarranted attack on the procedures, that is, I've never

18   given any legal advice to the Debtor's counsel.  Because the

19   circumstances about the -- first of all, it is true, this is

20   -- that this is -- this will be the third time, as far as I

21   know, the Court has declared Mr. Moore a vexatious litigant.

22         The state court, as I recall, back in 2012, as I

23   recall, some time ago, the state court, and more recently,

24   the U.S. District Court, right, in a related matter dealing

25   with this case, it was related to -- not specifically this

16

1 case, but the issues were similar, was declared a vexatious

2 litigant.

3        I in this Court have sanctioned Mr. Moore for

4 violation of the discharge injunction.  And sanctioned you,

5 Mr. Moore, and none of those of course has been paid.

6        And as far as this question of legal advice, I

7 mean, that's about as most frivolous argument that you've

8 made, Mr. Moore.  The context was that in fact I did rule in

9 your favor, at least on that issue, that the Debtor had

10 argued that Judge Wright (phonetic) declaring -- I don't

11 know if you remember this, Mr. Volk, you weren't here, but

12 mister -- Judge Wright had declared mister -- a couple years

13 ago now approximately, Mr. Moore a vexatious litigant, and

14 the -- and Mr. Schulman argued that that applied to the

15 bankruptcy court.

16        And I ruled actually in Mr. Moore's favor on that

17 thing.  No, no, that order of vexatious litigant did not

18 apply to the bankruptcy court.  But I did in that

19 discussion, I said, you know, of course that doesn't apply,

20 but you're free, if you wish to, you could file your own.

21        And at the time, as I recall, Mr. Schulman said,

22 that without -- you know, it's very expensive.  We think the

23 Debtor would be just throwing her money away at that point,

24 decided not to do it.  And that was simply the discussion.

25 And apparently now the -- you have, of course, on the

17

1  Debtor's behalf filed, filed this motion.

2        Also, another frivolous argument by Mr. Moore is,

3  well, there's nothing pending.  Well, that's the whole

4  purpose of a vexatious litigant order, is to prevent any

5  future, basically frivolous motions to be filed by Mr.

6  Moore.  That's the very nature of it.

7        The -- and it is clear to me that I've given Mr.

8  Moore his day in court, but continues to violate the

9  discharge injunction.  And has not paid any sanctions.  And

10 there's really nothing left to do to, in order to uphold the

11 discharge injunction, is to grant this motion.

12       So, Mr. Volk, I would like you, as stated on -- I

13 totally agree with your history of this case, and I totally

14 disagree with Mr. Moore.  Mr. Moore has repeatedly, as you

15 pointed out, Mr. Volk, he just keeps rehashing all the --

16 what happened in the state court, no (indiscernible) or

17 facts.  There was the judgment in the state court and so

18 forth.  Those things continue to happen, but they have

19 nothing to do with what happened in my court.

20       And so, I will -- I would like you, I would like

21 you, Mr. Volk, if you would prepare the order.  I'd like you

22 to prepare a findings of fact, conclusions of law.  And as

23 far as I am concerned, can be consistent with your brief.

24 There's nothing in there that I see that was inaccurate.

25 And I will -- so, is that -- I'll just ask you, Mr. Volk,

*Briggs Reporting Company, Inc.*

18

1   you understand what I'm asking you to do?

2           MR. VOLK:  Yes, your Honor.  Prepare findings of

3   fact consistent with our brief, with our motion.

4           THE COURT:  As well as the order that you

5   suggested.  The only thing that I think is going to stop Mr.

6   Moore from just repeatedly -- we're talking about this

7   Court, filing pleadings in this Court.  That's what we're

8   talking about.  What happens in the state court is another

9   matter, but we're only talking about filing pleadings, as

10  you've suggested, in this Court.

11          So if you'll prepare that order, I will look at it

12  and then I will look at -- of course, if Mr. Moore files any

13  opposition, I will consider that.  And that concludes this

14  hearing, gentleman.

15          MR. VOLK:  Thank you.

16          MR. MOORE:  Thank you.

17      (Proceedings concluded.)

18

19

20          I certify that the foregoing is a correct

21  transcript from the electronic sound recording of the

22  proceedings in the above-entitled matter.

23

24  /s/ Holly Steinhauer            9-20-22
    Transcriber                     Date

25

0160